**15-25-00094-CV**

ACCEPTED
15-25-00094-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/21/2025 11:02 PM
CHRISTOPHER A. PRINE
CLERK

NO. _____

IN THE FIFTEENTH DISTRICT COURT OF APPEALS
FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/21/2025 11:02:30 PM
CHRISTOPHER A. PRINE
Clerk

**In re M. Brett Cooper, M.D.,**
*Relator*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas
Cause No. 493-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

## PETITION FOR WRIT OF MANDAMUS

Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
Telephone: (832) 280-5670
avi.moshenberg@lmbusinesslaw.com

Simona Agnolucci (*pending pro hac admission*)
Barrington Dyer (*pending pro hac admission*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*pending pro hac admission*)
Emily Abbey (*pending pro hac admission*)
Isabella McKinley Corbo (*pending pro hac admission*)
Zoe Packman (*pending pro hac admission*)
Rodolfo Rivera Aquino (*pending pro hac admission*)
Remy Carreiro (*pending pro hac admission*)
Emma Rodriguez (*pending pro hac admission*)
WILLKIE FARR & GALLAGHER LLP
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7470

ATTORNEYS FOR RELATOR

**RELATOR REQUESTS EMERGENCY RELIEF**
**RELATOR REQUESTS ORAL ARGUMENT**

# IDENTITIES OF PARTIES AND COUNSEL

| **Relator** | **Counsel for Relator** |
|---|---|
| M. Brett Cooper, M.D. | Nicholas R. Lawson |
| | Avi Moshenberg |
| | LAWSON & MOSHENBERG PLLC 801 |
| | Travis Street, Suite 2101 #838 |
| | Houston, TX 77002 |
| | |
| | Jennifer Hardy |
| | WILLKIE FARR & GALLAGHER LLP |
| | 600 Travis St. |
| | Houston, TX 77002 |
| | |
| | Simona Agnolucci (*Application for pro hac admission pending)* |
| | Barrington Dyer (*Application for pro hac admission pending)* |
| | Anika Holland (*Application for pro hac admission pending)* |
| | Emily Abbey (*Application for pro hac admission pending*) |
| | Isabella McKinley Corbo (*Application for pro hac admission pending*) |
| | Zoe Packman (*Application for pro hac admission pending*) |
| | Rodolfo Rivera Aquino (*Application for pro hac admission pending*) |
| | Remy Carreiro (*Application for pro hac admission pending*) |
| | Emma Rodriguez (*Application for pro hac admission pending*) |
| | |
| | WILLKIE FARR & GALLAGHER LLP |
| | 333 Bush Street, 34th Floor |
| | San Francisco, CA 94104 |

i

| **Real Party in Interest** | **Counsel for Real Party in Interest** |
|---|---|
| The State of Texas | Ken Paxton |
| | Brent Webster |
| | Ralph Molina |
| | Austin Kinghorn |
| | Johnathan Stone |
| | Rob Farquharson |
| | David Shatto |
| | OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF TEXAS |
| | CONSUMER PROTECTION DIVISION |
| | P.O. Box 12547 (MC-010) |
| | Austin, TX 78711 |
| | |
| University of Texas Southwestern Medical Center | Ken Paxton |
| | Brent Webster |
| | Ralph Molina |
| | Austin Kinghorn |
| | Ernest C. Garcia |
| | Patrick Todd |
| | Martin Cohick |
| | OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF TEXAS |
| | ADMINISTRATIVE LAW DIVISION |
| | P.O. Box 12548, Capitol Station |
| | Austin, TX 78711 |
| | |
| Children's Health | Cory M. Sutker |
| | Jackie S. Cooper |
| | COOPER & SCULLY, P.C. |
| | 900 Jackson Street, Suite 900 |
| | Dallas, TX 75202 |

Nonparty Patients 1–14     Jervonne D. Newsome
Thanh D. Nguyen
Jonathan Hung
WINSTON & STRAWN LLP
2121 N. Pearl St., Suite 900
Dallas, TX 75201

William M. Logan
Evan D. Lewis
Olivia A. Wogon
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002

**Respondent**
Hon. Christine A. Nowak
Presiding Judge
493rd District Court
Collin County, Texas
Russel A. Steindam Courts Building
2100 Bloomdale Road
McKinney, TX 75071

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS.................................................................................. iv

INDEX OF AUTHORITIES............................................................................ vi

STATEMENT OF THE CASE..........................................................................x

RECORD REFERENCES ............................................................................... xi

STATEMENT OF JURISDICTION................................................................. xi

ISSUES PRESENTED.................................................................................... xi

INTRODUCTION AND OVERVIEW ..............................................................1

     I. ....... Dr. Cooper Promptly And Repeatedly Asserted The Trial Court Lacks Jurisdiction.................................................................................................3

     II.................. Dr. Cooper Faces Burdensome Discovery Despite His Pending Jurisdictional Challenge. .............................................................................5

     III. .... The Trial Court Refused To Set The Jurisdictional Plea For Hearing—But Set Hearings On Merits Issues...............................................................6

STANDARD OF REVIEW ..............................................................................8

ARGUMENT ...................................................................................................9

     I. ..... The Trial Court Clearly Abused Its Discretion By Refusing To Rule On Subject-Matter Jurisdiction Before Proceeding To The Merits ......................9

          A. ........It Is A Fundamental Precept That A Court Must Have Subject-Matter Jurisdiction..................................................................................10

          B. ...... The Trial Court's Jurisdiction Has Been Rightfully Challenged. ...........................................................................................................11

          C. .. The Trial Court Has Abused Its Discretion By Proceeding To The Merits Without Addressing The Jurisdictional Challenge..................13

     II....There Is No Adequate Appellate Remedy Because Dr. Cooper Has Been Denied His Statutory Right To Interlocutory Appeal. ................................18

A. .... The Trial Court's Delay Deprives Dr. Cooper Of His Substantial Rights..............................................................................................18

B. ..... The Trial Court's Delay Frustrates The Texas Tort Claims Act's Mandate of Expedited Dismissal.......................................................20

CONCLUSION ...................................................................................................22

PRAYER .............................................................................................................22

CERTIFICATE OF FACTUAL SUPPORT...........................................................25

CERTIFICATE OF COMPLIANCE......................................................................25

CERTIFICATION OF SERVICE..........................................................................25

APPENDIX INDEX .............................................................................................26

# INDEX OF AUTHORITIES

**Cases**                                                                            **Page(s)**

*Alamo Heights Indep. Sch. Dist. v. Clark*,
544 S.W.3d 755 (Tex. 2018) ............................................................12

*In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*,
No. 04-24-00538-CV, 2025 WL 466069 (Tex. App. Feb. 12, 2025).....18, 20, 22

*In re Brown*,
2020 WL 4047965 (Tex. App.—Dallas July 20, 2020, no pet.) ......................17

*City of Anson v. Harper*,
216 S.W.3d 384 (Tex. App.—Eastland 2006, no pet.)......................................14

*City of Austin v. Quinlan*,
669 S.W.3d 813 (Tex. 2023) .............................................................10

*In re City of Dallas*,
501 S.W.3d 71 (Tex. 2016)................................................................10

*In re City of Edinburg*,
No. 13-23-00131-CV, 2023 WL 3185808 (Tex. App. May 1, 2023) ...............13

*City of Galveston v. Gray*,
93 S.W.3d 587 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) ................................................................................*passim*

*City Of Kemah v. Vela*,
149 S.W.3d 199 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)........................................................................................16

*In re Congregation B'Nai Zion of El Paso*,
657 S.W.3d 578 (Tex. App.—El Paso 2022, no pet.) ......................................17

*In re Dallas Cnty.*,
2022 WL 1467987 (Tex. App.—Dallas May 10, 2022, no pet.)........................11

*Dallas Cnty. Republican Party v. Dallas Cnty. Democratic Party*,
2019 WL 4010776 (Tex. App. Aug. 26, 2019) ................................................14

*Diocese of Galveston-Houston v. Stone*,
892 S.W.2d 169 (Tex. App.—Houston [14th Dist.] 1994, orig.
proceeding) ........................................................................................10

*Fed. Underwriters Exch. v. Pugh*,
141 Tex. 539 (1943)............................................................................10

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
541 U.S. 567 (2004).............................................................................17

*Hearts Bluff Game Ranch, Inc. v. State*,
381 S.W.3d 468 (Tex. 2012) ..............................................................15

*In re Lamar Univ.*,
No. 09-18-00241-CV, 2018 WL 3911062 (Tex. App.—Beaumont
Aug. 16, 2018, orig. proceeding) ........................................8, 9, 18, 20

*Matzen v. McLane*,
659 S.W.3d 381 (Tex. 2021) ..............................................................16

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
253 S.W.3d 653 (Tex. 2008) ..............................................................12

*Murk v. Scheele*,
120 S.W.3d 865 (Tex. 2003) ..............................................................16

*In re Nonparty Patient 1, et al.*,
Case No. 15-25-00032-CV ....................................................................5

*Off. v. Ngakoue*,
408 S.W.3d 350 (Tex. 2013) ..............................................................21

*Rattray v. City of Brownsville*,
662 S.W.3d 860 (Tex. 2023) .........................................................10, 13

*Rivera v. Sonnenschein*,
708 S.W.3d 294 (Tex. App. [15th Dist.] 2025)..................................10

*Rusk State Hosp. v. Black*,
392 S.W.3d 88 (Tex. 2012).................................................................13

*Stallworth v. Robison*,
2021 WL 5496345 (Tex. App.—San Antonio Nov. 24, 2021, no
pet.) ...........................................................................................................16

*In re Tex. Bd. of Pardons & Paroles*,
2024 WL 4891065 (Tex. App.—Dallas Nov. 26, 2024, no pet.) .......................19

*Texas A & M Univ. Sys. v. Koseoglu*,
233 S.W.3d 835 (Tex. 2007) .........................................................................19

*Texas Ass'n of Bus. v. Texas Air Control Bd.*,
852 S.W.2d 440 (Tex. 1993) .........................................................................15

*Texas Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) .....................................................................11, 12

*Texas Right to Life v. Van Stean*,
702 S.W.3d 348 (Tex. 2024) .........................................................................10

*Texas v. Lau*,
Cause No. 493-07676-2024 .....................................................................7, 8, 17

*The State Bar of Texas v. Gomez*,
891 S.W.2d 243 (Tex. 1994) .........................................................................11

*In re The State of Texas*,
Case No. 15-25-00039-CV .............................................................................5

*In re Torres*,
No. 13-17-00172-CV, 2017 WL 2665986 (Tex. App.—Corpus
Christi June 21, 2017, orig. proceeding).........................................................9

*Univ. Interscholastic League v. Sw. Offs. Ass'n, Inc.*,
319 S.W.3d 952 (Tex. App.-Austin 2010, no pet.)............................................15

*Wheeler v. L. Off. of Frank Powell*,
2023 WL 5535670 (Tex. App. Aug. 29, 2023) .................................................11

**Statutes**

Deceptive Trade Practices Act (DTPA)..........................................................3, 6, 14

Texas Civ. Prac. & Rem. Code Ann. Section 51.014...................................2, 18, 19

viii

Texas Health & Safety Code Section 161.702 (SB 14)........................................3, 15

Texas Controlled Substances Act (TCSA) ...........................................................4, 5

Texas Tort Claims Act Section 101.106(f)......................................................*passim*

**Other Authorities**

Texas Rule of Civil Procedure 91a ................................................................*passim*

# STATEMENT OF THE CASE

*Nature of the Underlying Proceeding:*

This mandamus action arises out of the trial court's refusal to hear the defendant's plea to the jurisdiction before reaching the merits. In Collin County, the State of Texas (the "State") filed a lawsuit alleging that M. Brett Cooper, M.D. ("Dr. Cooper") violated Senate Bill 14, the Deceptive Trade Practices Act, and the Texas Controlled Substances Act by providing gender-affirming care to teenage patients. Dr. Cooper pleaded to the Court's jurisdiction on the basis of sovereign immunity because he is employed by a State entity, the University of Texas Southwestern. The State's lawsuit likewise alleges that Dr. Cooper is an employee of the University of Texas Southwestern. Dr. Cooper's Plea first challenges the sufficiency of the pleadings and, in the alternative, the existence of facts affirmatively establishing jurisdiction. The Collin County Court has refused to set Dr. Cooper's Plea to the Jurisdiction for a hearing. However, the Collin County Court has set two motions for hearing on May 29, 2025, that implicate the merits of this underlying action: the State's Motion to Compel and Dr. Cooper's Rule 91a Motion to Dismiss. Neither motion is jurisdictional.

*Respondent:*

The Honorable Christine A. Nowak, Presiding Judge, 493rd District Court, Collin County, Texas, Russel A. Steindam Courts Building, 2100 Bloomdale Road, McKinney, TX 75071.

*Respondent's Challenged Actions:*

The Collin County Court's refusal to hear Dr. Cooper's Plea to the Jurisdiction and determine whether subject-matter jurisdiction exists before proceeding to merits-based motions and discovery.

**RECORD REFERENCES**

"App." refers to the appendix to this petition. "M.R." refers to the mandamus record.

**STATEMENT OF JURISDICTION**

This Court has mandamus jurisdiction under Texas Government Code Section 22.221. Tex. Gov't Code §§ 22.220 & 22.221.

**ISSUES PRESENTED**

Whether a writ of mandamus should issue to correct the trial court's clear abuse of discretion by refusing to hear Dr. Cooper's Plea to the Jurisdiction and proceeding to the merits of the case without first determining whether the court has subject-matter jurisdiction.

# INTRODUCTION AND OVERVIEW

This mandamus petition challenges the trial court's refusal to hear and rule on Dr. Cooper's pending Plea to the Jurisdiction before proceeding to the merits of the case—choosing instead to hear Plaintiff, the State of Texas's Motion to Compel discovery responses and Dr. Cooper's Rule 91a Motion to Dismiss (filed in combination with and in the alternative to his Plea). Dr. Cooper is a State employee sued in his official capacity as an Associate Professor and clinical physician at the University of Texas Southwestern ("UTSW"). The State alleges no differently. As a State employee, he has repeatedly urged the trial court to uphold his sovereign immunity defense under Section 101.106(f) of the Texas Tort Claims Act at the earliest opportunity.

But the trial court has declined to do so. Despite the parties providing agreeable hearing dates, the trial court—on its own initiative—refused to set Dr. Cooper's Plea for hearing, instead setting a hearing for May 29, 2025, on the State's Motion to Compel (which was filed after Dr. Cooper's Plea and is not jurisdictional), and on Dr. Cooper's Motion to Dismiss. The trial court stated in an email to the parties that the issues presented in the Plea were not yet ripe because "full discovery" had not taken place, skating over the portion of Dr. Cooper's Plea that challenges the sufficiency of the pleadings (for which no discovery is necessary at all). At the

same time, the State demanded, and the trial court agreed, that the Motion to Compel should be heard before Dr. Cooper's jurisdictional Plea.

This improper sequencing is depriving Dr. Cooper of both the immunity from suit guaranteed by Section 101.106(f), and his statutory right to an interlocutory appeal under Section 51.014(a)(8). It is black letter law that a trial court must address subject-matter jurisdiction before proceeding to the merits. When a defendant asserts immunity from suit, that threshold issue must be decided first.

This petition does not ask the Court to resolve the immunity issue. It only asks that the Court compel the trial court to fulfill its basic, threshold duty: determine whether it has subject-matter jurisdiction before proceeding further. Without appellate intervention, Dr. Cooper will be forced to engage in burdensome discovery and litigation that sovereign immunity is meant to shield Texas State employees from.

If the trial court cannot resolve the jurisdictional challenge based on the pleadings alone, then it may allow limited, targeted discovery—but only on disputed jurisdictional facts, of which there are presently none. To identify the proper scope of such discovery, the State would need to articulate the jurisdictional facts it believes are disputed based on its current pleading of subject-matter jurisdiction.

But as the current case schedule stands, the trial court is pressing forward with merits litigation—including a hearing on the State's Motion to Compel broad, non-

jurisdictional discovery—before ever deciding whether it has the power to adjudicate the case at all. Mandamus relief is necessary to halt this improper exercise of judicial power and to ensure that threshold jurisdictional questions are resolved before any further proceedings occur.

## STATEMENT OF FACTS

This mandamus petition arises from a lawsuit by the State of Texas against Dr. Cooper, a UTSW employee. In his clinical role at UTSW, he provided safe, legal, and age-appropriate gender-affirming care to teenage patients at UTSW's Plano campus and at Children's Health Medical Center Dallas ("Children's"). M.R. 83 (First Amended Petition ("FAP") ¶ 1) . In November 2024, the State sued Dr. Cooper in his capacity as a UTSW employee under the Deceptive Trade Practices Act ("DTPA") and Senate Bill 14, codified at Texas Health and Safety Code Section 161.702(3) ("SB 14"). M.R. 10–12 (Verified Original Petition).

### I. Dr. Cooper Promptly And Repeatedly Asserted The Trial Court Lacks Jurisdiction.

As early as January 2025, Dr. Cooper invoked sovereign immunity as a defense. M.R. 45 (Original Answer). In February 2025, he moved to dismiss the State's DTPA claim under Section 101.106(f) of the Texas Tort Claims Act ("TTCA"), asserting that he is immune as a State employee who is being sued in his official capacity. *See* Tex. Civ. Prac. & Remedies Code § 101.106(f). M.R. 48–49 (Motion to Dismiss). Rather than comply with the TTCA's mandate to amend its

3

pleadings and sue the governmental unit, the State instead added a third claim against Dr. Cooper under the Texas Controlled Substances Act ("TCSA"). M.R. 83 (FAP ¶ 1). After a hearing, the trial court denied Dr. Cooper's motion, holding his sovereign immunity defense was "premature due to the 91A posture of Defendant's Motion." M.R. 219 (Order Denying Motion to Dismiss). The trial court explained it would "take up these arguments at the appropriate stage, when the Court can properly consider evidence including any employment agreements, billing and payment records, and related testimony." *Id.*

That same day, Dr. Cooper served responses to the State's discovery requests, and also produced a limited number of documents, including his employment agreement with UTSW. Declaration of Avi Moshenberg ("Moshenberg Dec.") ¶ 2. He later subpoenaed from UTSW and Children's documents not only confirming UTSW's legal right to control his work as a UTSW employee, but also showing that UTSW billed for Dr. Cooper's services, even if they were provided to patients at Children's. M.R. 222 (Subpoena to Children's), 233 (Subpoena to UTSW). Those subpoenas remain outstanding.

In April 2025, Dr. Cooper filed a combined Plea to the Jurisdiction and Motion to Dismiss, this time asserting that the trial court lacked subject-matter jurisdiction as to *all claims*, including the new TCSA claim, because Section 101.106(f) of the TTCA confers sovereign immunity upon him. M.R. 259 (Plea to

4

the Jurisdiction). His plea raises both facial and factual challenges. Alternatively—and only if his Plea to the Jurisdiction is denied—he seeks to dismiss the TCSA claim for failure to plead a cognizable cause of action. *Id.* at 260.

## II. Dr. Cooper Faces Burdensome Discovery Despite His Pending Jurisdictional Challenge.

This Court already knows about the invasive, burdensome discovery the State has sought so far in this case, namely, patient medical and psychotherapy records that UTSW and Children's possess. Fourteen of the fifteen non-party patients put in issue by the State have retained their own counsel, and filed their own mandamus petition in this Court, seeking protection from the State's subpoenas. *See In re Nonparty Patient 1, et al.*, Case No. 15-25-00032-CV. The State has also filed an appeal related to these subpoenas. *See In re The State of Texas*, Case No. 15-25-00039-CV.

On May 1, 2025, the State moved to compel additional discovery responses from Dr. Cooper, including (among other things) interrogatories concerning Dr. Cooper's diagnosis and treatment of each of the fifteen patients put in issue by the State's Petition. M.R. 345, 369 (State's Motion to Compel). Dr. Cooper explained that responding to many of the State's requests would require accessing patient medical records currently subject to this Court's Stay in *In re Nonparty Patient 1, et al.*, Case No. 15-25-00032-CV. M.R. 581 (Dr. Cooper's April 23, 2025 Letter to State); App. 73 (15th Court of Appeals Stay Order). None of the State's discovery

5

relates to the subject-matter jurisdiction issues raised in Dr. Cooper's Plea. Yet Dr. Cooper is being forced to engage in merits discovery before the threshold question of jurisdiction is resolved.

**III.     The Trial Court Refused To Set The Jurisdictional Plea For Hearing—But Set Hearings On Merits Issues.**

After filing his Plea to the Jurisdiction and Motion to Dismiss, Dr. Cooper promptly requested a hearing and the parties provided mutually agreeable dates to the trial court. Below chronicles what followed since Dr. Cooper filed his Plea to the Jurisdiction:

- **On April 28**, Dr. Cooper asked the trial court to set the Plea to the Jurisdiction and Rule 91a Motion for hearing. App. 2.

- **On May 1**, the Court Coordinator responded that the trial court was "reviewing her statements to the parties at the conclusion of the last hearing on the Plea to the Jurisdiction and asked that I not add this to the docket until she has an opportunity to do so."[1] App. 8.

- **That same day**, the State filed its Motion to Compel Discovery Responses. M.R. 345 (State's Motion to Compel). The Motion to Compel does not seek jurisdictional discovery, address Dr. Cooper's Plea to the Jurisdiction, or even mention the word "jurisdiction." *Id.*

- **On May 2**, the trial court set the Motion to Dismiss and Motion to Compel for May 29. App. 15. The Court Coordinator relayed that the trial court "intends to review the transcript from the prior plea to the jurisdiction hearing

---

[1] The April 25 filing is the only Plea to the Jurisdiction that has been filed in this case. *See* M.R. 1–10 (Docket). Dr. Cooper understands that the Court Coordinator's email was referring to Dr. Cooper's first Rule 91a Motion to Dismiss, which addressed only the DTPA claim. M.R. 48 (Motion to Dismiss). The trial court heard argument on that motion on February 28, 2025. M.R. 138–39 (Hearing Transcript).

in Cooper and would like to discuss with the Parties before we set the plea to the jurisdiction."[2] *Id.*

- **On May 6**, the trial court wrote to the parties: "The immunity and TTCA issues presented in the Plea to Jurisdiction filed 4/25 appear to be similarly postured as they were at the Feb. 28 hearing. Has full discovery regarding the employment and privilege issues discussed at the February hearing occurred? If yes, we can set this motion for hearing. If no, as discussed at the Feb hearing, it would appear we are not ripe to reset these issues for a second hearing." App. 21. The trial court reiterated that the Rule 91a Motion to Dismiss and the Motion to Compel would be set for hearing on May 29, and then "directed" the parties to review the trial court's ruling in the related *State v. Lau* matter (Cause No. 493-07676-2024) and to "substantively meet and confer regarding the discovery disputes after reviewing the Court's orders entered in Lau." *Id.*; *see also* App. 60–64, 65–71 (*Lau* Orders).

- **On May 7**, Dr. Cooper filed a letter, "respectfully request[ing] that the Court set the Plea to the Jurisdiction for May 29, 2025, or at the Court's earliest convenience." App. 24. The letter explained that the Plea to the Jurisdiction is ripe for setting and that further delay would inflict "substantial cost, prejudice, and undue burden on Dr. Cooper, as well as expends substantial State, Court and party resources." *Id.*

- **Later that day**, the State responded that it "does not agree with Dr. Cooper's characterization." App. 19–20. The State clarified its belief that "it would be appropriate for the Court to consider the Plea to the Jurisdiction" only "after the Court has an opportunity to address the pending Motion to Compel" and only if Dr. Cooper first agreed to a jurisdictional deposition.

- **On May 12**, Dr. Cooper sought clarity from the Court Coordinator "that the State's Motion to Compel and Dr. Cooper's Rule 91a Motion to Dismiss will be set for hearing on May 29, but the plea to the jurisdiction will not be set for hearing that day?" App. 18. The Court Coordinator responded, "That is

---

[2] The Court Coordinator specified "in Cooper" because the email also addressed a related case that is ongoing in the Collin County Court, *Texas v. Lau*, Cause No. 493-07676-2024. As noted above, the April 25 filing is the only Plea to the Jurisdiction that has been filed in either case. Moshenberg Dec. ¶ 5.

correct, the motion to dismiss and motion to compel are currently set on May 29 at 1:15 pm."

- **On May 21**, the parties conferred as directed by the trial court, and discussed their respective positions on the need for jurisdictional discovery and how the court's ruling in the related *State v. Lau* matter applied to the State's pending Motion to Compel.

## STANDARD OF REVIEW

"Mandamus relief is available when the record shows (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) the absence of an adequate remedy by appeal." *City of Galveston v. Gray*, 93 S.W.3d 587, 590 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding). This petition meets both requirements.

"A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law." *In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062, at *2 (Tex. App.—Beaumont Aug. 16, 2018, orig. proceeding). Texas courts have consistently found an abuse of discretion when a trial court "subjects a governmental unit to pre-trial discovery and the costs incident to litigation without ruling on a plea to the jurisdiction." *See id*.

There is no adequate appellate remedy when parties "stand to lose their substantial rights," like a "statutory right to an interlocutory appeal" from a denial of a plea to the jurisdiction. *City of Galveston,* 93 S.W.3d at 590, 592. Parties further

8

stand to lose their substantial rights where they are subject to the "burden and expense of litigation before their claims of immunity from suit have been determined." *In re Lamar Univ.*, 2018 WL 3911062, at *3. "In this regard, mandamus relief is available when a trial court litigates the merits of a case and delays ruling on a plea to the jurisdiction." *See In re Torres*, No. 13-17-00172-CV, 2017 WL 2665986, at *5 (Tex. App.—Corpus Christi June 21, 2017, orig. proceeding) (collecting cases). Mandamus relief is appropriate in such cases even when the record "does not contain a written order pertaining to the trial court's deferral of its ruling on jurisdiction prior to the production of discovery responses." *See id*. at *4, n.6.

## **ARGUMENT**

I.   **The Trial Court Clearly Abused Its Discretion By Refusing To Rule On Subject-Matter Jurisdiction Before Proceeding To The Merits.**

The trial court abused its discretion by pressing forward with merits litigation before determining the threshold question of whether it has subject-matter jurisdiction. Dr. Cooper has validly challenged the trial court's subject-matter jurisdiction on the grounds that—as a full-time State employee—he is immune from suit under Section 101.106(f) of the Texas Tort Claims Act. Settled law requires such a challenge to be resolved before a court proceeds to the merits. Despite this, the trial court has set hearings on non-jurisdictional motions, while refusing to hear

9

Dr. Cooper's Plea. Texas law is clear: this is an abuse of discretion. *See, e.g.*, *City of Galveston*, 93 S.W.3d at 591.

### A. It Is A Fundamental Precept That A Court Must Have Subject-Matter Jurisdiction.

"Jurisdiction is a court's first consideration." *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding). Courts must "have subject-matter jurisdiction before proceeding to the merits . . . in every case, ranging from the most banal to the most controversial." *Texas Right to Life v. Van Stean*, 702 S.W.3d 348, 353 (Tex. 2024). Subject-matter jurisdiction is an operation of law, and "cannot be conferred upon any court by consent or waiver." *Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 541 (1943). A sovereign immunity defense goes to the court's subject-matter jurisdiction and is therefore properly raised in a plea to the jurisdiction. *City of Austin v. Quinlan*, 669 S.W.3d 813, 818 (Tex. 2023); *see also Rivera v. Sonnenschein*, 708 S.W.3d 294, 297 n.9 (Tex. App. [15th Dist.] 2025) (explaining that State-level government entities "enjoy[s] 'sovereign immunity' rather than 'governmental immunity' although the two are synonymous.").

Without jurisdiction, a court has no power to issue relief. *See In re City of Dallas*, 501 S.W.3d 71, 74 (Tex. 2016). Nor can it proceed to a case's merits. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) ("Just one valid jurisdictional obstacle is enough for the court to halt further proceedings. The

10

fundamental rule is that the court may not reach the merits if it finds a single valid basis to defeat jurisdiction."). Trial courts must therefore determine subject-matter jurisdiction "at [the] earliest opportunity." *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *see also The State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) ("As a general proposition, before a court may address the merits of any case, the court must have … jurisdiction over the subject matter … and capacity to act as a court.").

## B. The Trial Court's Jurisdiction Has Been Rightfully Challenged.

Dr. Cooper has challenged the trial court's subject-matter jurisdiction because he is immune from suit under Section 101.106(f) of the Texas Tort Claims Act. M.R. 259–60 (Dr. Cooper's Plea to the Jurisdiction); *see also Wheeler v. L. Off. of Frank Powell*, 2023 WL 5535670, at *4 (Tex. App. Aug. 29, 2023) ("A motion to dismiss filed pursuant to section 101.106(f)—which by its nature raises a claim of governmental immunity—challenges the trial court's subject-matter jurisdiction.")

On April 25, 2025, Dr. Cooper pleaded to the trial court's jurisdiction, challenging both the sufficiency of the State's pleadings and, if necessary, the existence of facts affirmatively establishing jurisdiction.[3]   M.R. 265-66 (Dr.

---

[3] Alternatively, the Plea may be considered a pleadings-based jurisdictional challenge because it does not "dispute any of the alleged facts" relating to sovereign immunity. *In re Dallas Cnty.*, 2022 WL 1467987, at *3 (Tex. App.—Dallas May 10, 2022, no pet.) (finding that the "pleas to the jurisdiction constitute a pleadings-based jurisdictional challenge because they do not dispute any of the alleged facts relating to" the jurisdictional issue). The evidence attached to Dr. Cooper's Plea *confirms* the State's relevant allegations—it does not challenge or contradict them.

Cooper's Plea to the Jurisdiction). *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) ("Immunity from suit may be asserted through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment. A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both."). In short, Dr. Cooper argued he is immune because (1) he is a government employee, (2) the lawsuit is based on conduct within the scope of his employment, and (3) the lawsuit could have been brought under the TTCA against his governmental employer. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f).

It is uncontroverted that Dr. Cooper is "an employee of the University of Texas Southwestern Medical Center," a State entity. M.R. 83 (FAP ¶ 1) Indeed, that is the very first allegation in the very first paragraph of the State's operative pleading. It is also uncontroverted that the State is suing Dr. Cooper for actions taken "in the course of his medical practice" as a State employee. M.R. 110 (FAP ¶ 197). And there can be no dispute that the State's claims could have been brought under the TTCA. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658–59 (Tex. 2008) ("[A]ll tort theories alleged against a governmental unit . . . are assumed to be under the Tort Claims Act for purposes of section 101.106.") (cleaned up). Dr. Cooper's plea is therefore a proper assertion of immunity that the trial court must address "as soon as practicable." *Miranda*, 133 S.W.3d at 227.

12

**C. The Trial Court Has Abused Its Discretion By Proceeding To The Merits Without Addressing The Jurisdictional Challenge.**

Despite the clear challenge to its subject-matter jurisdiction, the trial court has failed to resolve this gating issue. This was wrong, and unconstitutional. Courts must decide jurisdiction before reaching the merits. *See Rattray*, 662 S.W.3d at 868–69 ("[T]he court may not move to the merits if even one jurisdictional argument remains unresolved."). The Texas Constitution demands as much: "if a governmental entity validly asserts that it is immune from a pending claim, any court decision regarding that claim is advisory to the extent it addresses issues other than immunity, and the Texas Constitution does not afford courts jurisdiction to make advisory decisions or issue advisory opinions." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). Failure to address a legitimate jurisdictional challenge before proceeding to the merits is a clear abuse of discretion. *See, e.g.*, *City of Galveston*, 93 S.W.3d at 591.

The trial court has refused to set Dr. Cooper's Plea for hearing despite his repeated requests, M.R. 649 (Dr. Cooper's May 7, 2025, Letter to Court). Instead, it pressed on with merits litigation by setting two merits-based motions for hearing and directing the parties to engage in non-jurisdictional discovery. Texas courts routinely recognize this as an abuse of discretion. *See, e.g.*, *In re City of Edinburg*, No. 13-23-00131-CV, 2023 WL 3185808, at *4 (Tex. App. May 1, 2023) (collecting cases).

First, the trial court set the State's Motion to Compel and Dr. Cooper's Rule 91a Motion for hearing.[4] Both motions implicate merits issues that cannot be decided without jurisdiction. *See Dallas Cnty. Republican Party v. Dallas Cnty. Democratic Party*, 2019 WL 4010776, at \*4 (Tex. App. Aug. 26, 2019) ("A dismissal under 91a is a judgment on the merits . . . In contrast, subject matter jurisdiction is a prerequisite to entertaining the merits, and whenever a court finds a lack of jurisdiction it is obligated to go no further and dismiss."); *City of Anson v. Harper,* 216 S.W.3d 384, 390 (Tex. App.—Eastland 2006, no pet.) ("If the trial court does not have jurisdiction to enter a judgment, it does not have jurisdiction to allow plaintiffs to conduct discovery."). Notably, the State's Motion to Compel asks the trial court to address *all* of the State's discovery requests—all of which were served long before Dr. Cooper challenged the trial court's jurisdiction.[5] M.R. 345–347 (State's Motion to Compel) These include, for example, "all communications, documents, commentaries, and advocacy relating to the proposal, passage, existence,

---

[4] Dr. Cooper made clear in his combined Plea and Motion to Dismiss that the Plea must be decided first. He argued: "Since Section 101.106(f) is a threshold jurisdictional bar, the Court need not proceed further. But in the event the Court denies Dr. Cooper's plea and looks to the merits, the State's Controlled Substances Act claim has no basis in law." M.R. 260 (Plea to the Jurisdiction).
[5] The State served its discovery requests on January 29, 2025. M.R. 345 (State's Motion to Compel). Dr. Cooper filed his Plea to the Jurisdiction nearly three months later. To the extent that Dr. Cooper's Rule 91a Motion to Dismiss the DTPA claim put the State on notice about Dr. Cooper's immunity-based challenge, that was not filed until February 3, 2025. M.R. 48 (Motion to Dismiss). At most, Dr. Cooper pleaded in his January 27 Answer that "The State's claims are barred by sovereign immunity." M.R. 45 (Original Answer). The State's requests do not address this defense. None of the State's requests sought information about Dr. Cooper's affirmative defenses. *See* M.R. 345–644 (State's Motion to Compel and Exhibits).

14

or debate of Tex. Health & Safety Code § 161.702" and "medical records, billing records, prescriptions, psychotherapy notes, and communications" relating to the care and treatment of each of the fifteen patients discussed in the State's Petition. M.R. 397–411, 422 (State's RFP Nos. 1–15, 26). It is clear from the State's Motion to Compel that the discovery it seeks is not jurisdictional. *See* M.R. 345 (State's Motion to Compel). Proceeding with this motion is an abuse of trial court's discretion. *See Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012) (holding that while a trial court "should allow reasonable opportunity for targeted discovery ***if necessary to illuminate jurisdictional facts*** in a plea to the jurisdiction," it cannot allow "thorough discovery of its case" in the face of a plea) (cleaned up) (emphasis added).

Second, the State has not pursued targeted jurisdictional discovery—nor has it even pleaded a theory of jurisdiction that would warrant discovery on the issue. The State has the burden to "allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Its only allegation relating to jurisdiction avers that Dr. Cooper is "an employee of the University of Texas Southwestern Medical Center." M.R. 83 (FAP ¶ 1). This allegation, which invokes sovereign immunity, is not in dispute. *See Univ. Interscholastic League v. Sw. Offs. Ass'n, Inc.*, 319 S.W.3d 952, 957 (Tex. App.-Austin 2010, no pet.) (noting it is "well settled" that

15

State universities such as UTSW are governmental entities subject to sovereign immunity); *see also Murk v. Scheele*, 120 S.W.3d 865, 866 (Tex. 2003) (finding a physician employed by the University of Texas was an employee of a governmental unit within the meaning of the Texas Tort Claims Act even though he exercised independent judgment in treating patients).  Because this allegation is not in dispute, there is no plausible basis to infer Dr. Cooper is anything but a State employee—much less justify jurisdictional discovery.  *See City Of Kemah v. Vela*, 149 S.W.3d 199, 205–06 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (finding that there was "no additional discovery" needed when the relevant jurisdictional facts were undisputed).  This is not a situation where the State has pleaded an *ultra vires* claim, *see Matzen v. McLane*, 659 S.W.3d 381, 389 (Tex. 2021), or alleged that the challenged conduct occurred outside of Dr. Cooper's UTSW employment.  *Cf. Stallworth v. Robison*, 2021 WL 5496345 (Tex. App.—San Antonio Nov. 24, 2021, no pet.) (finding sovereign immunity did not apply when a doctor employed part-time by the State was sued for actions performed entirely at his separate private practice).  On the contrary, the State had pleaded that Dr. Cooper is a State employee—full stop.

To be clear, Dr. Cooper does not oppose properly scoped jurisdictional discovery if the State had pleaded a theory that placed jurisdictional facts in dispute. But Dr. Cooper *does* oppose avoidance of mandatory procedures.  And these

16

procedures are firmly established: a jurisdictional fact issue must come before—and guide—any jurisdictional fact-gathering. *See In re Brown*, 2020 WL 4047965, at *3 (Tex. App.—Dallas July 20, 2020, no pet.) (finding a deferral on a plea to the jurisdiction for more discovery was an abuse of discretion where no fact dependent claims were identified). Given that the State has not articulated any jurisdictional theory that would support further discovery, there is no basis to delay a decision on Dr. Cooper's jurisdictional challenge for further discovery.

Third, the trial court has already forced engagement in improper discovery by superimposing the *State v. Lau* orders into this action. *See* App. 21 (providing that the *State v. Lau* orders should guide the discovery dispute here and directing the parties to substantively meet and confer accordingly); App. 60, 65 (*Lau* Orders). Those orders are facially non-jurisdictional. Jurisdiction has not been challenged in *State v. Lau* and regardless, the orders concern, *inter alia*, the production of documents created after the lawsuit was filed. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought. This time-of-filing rule is hornbook law.") (cleaned up).

While a trial court has discretion to manage its docket, it does not have discretion to proceed to merits hearings while sidestepping a challenge to its subject-matter jurisdiction—as the trial court **has** done here. *See In re Congregation B'Nai*

*Zion of El Paso*, 657 S.W.3d 578 (Tex. App.—El Paso 2022, no pet.) (finding an abuse of discretion where a trial court allowed broad discovery before considering a plea to the jurisdiction). Its decision to do so is an abuse of discretion that demands this Court's intervention.

## II. There Is No Adequate Appellate Remedy Because Dr. Cooper Has Been Denied His Statutory Right To Interlocutory Appeal.

The trial court's abuse of discretion has further stripped Dr. Cooper of an adequate appellate remedy. The legislature gave State employees like Dr. Cooper the right to an accelerated appeal upon the denial of an immunity-based plea to the jurisdiction. By refusing to set a hearing on his Plea before proceeding to the merits of the case, the trial court has deprived Dr. Cooper of his substantial right to this remedy, in contravention of legislative intent. *In re Lamar Univ.*, 2018 WL 3911062, at \*3. Mandamus is necessary to correct this error.

### A. The Trial Court's Delay Deprives Dr. Cooper Of His Substantial Rights.

In establishing Civil Practices and Remedies Code Section 51.014, the Texas legislature decided that "the State should not have to expend resources in trying a case on the merits if it is immune from suit." *City of Galveston*, 93 S.W.3d at 592. This policy choice protects the State and its employees from "the expense of unnecessary litigation, including pretrial discovery" through the right to an accelerated interlocutory appeal if an immunity-based plea is denied. *See In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, No. 04-

18

24-00538-CV, 2025 WL 466069, at *5 (Tex. App. Feb. 12, 2025) ("The Legislature specifically granted governmental units . . . the right to an accelerated appeal from a ruling on plea to the jurisdiction for the purpose of avoiding the expense of unnecessary litigation, including pretrial discovery."); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

As a State employee, Dr. Cooper is entitled to this substantial right. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) ("Given that Section 51.014(a)(8) necessarily applies to entities other than governmental units, there is no basis for construing it to exclude state officials."). But he cannot exercise this right if the trial court avoids even considering his Plea. By refusing to set his Plea, but proceeding forward on the Motion to Compel and the Rule 91a Motion to Dismiss, the trial court is forcing Dr. Cooper, a State employee, to expend resources litigating the merits of a case it does not have jurisdiction to rule over—exactly what the legislature sought to prevent. *See City of Galveston*, 93 S.W.3d at 591. Mandamus relief is therefore needed here to comport with the legislature's intent. *See In re Tex. Bd. of Pardons & Paroles*, 2024 WL 4891065, at *4 (Tex. App.—Dallas Nov. 26, 2024, no pet.) ("[G]iven the purpose of sovereign immunity, we conclude that mandamus is an efficient manner of resolving" a trial court's refusal to rule on a jurisdictional motion "prior to ordering it to submit to discovery.") (internal citation omitted).

19

Again, this principle is settled. Texas courts, when presented with this same question, consistently reach the same conclusion. *See City of Galveston*, 93 S.W.3d at 591 ("The city and the county argue a governmental unit's entitlement to be free from suit is effectively lost if the trial court erroneously assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation; therefore the trial court abuses its discretion and there is no adequate remedy at law. **We agree.**") (emphasis added); *In re Lamar Univ.*, 2018 WL 3911062, at *3 ("The trial court's refusal to rule on the plea to the jurisdiction deprives the governmental unit of its substantial right to an accelerated appeal."); *In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, 2025 WL 466069, at *5 (Tex. App. Feb. 12, 2025) (collecting cases where "relators had no adequate remedy by appeal because the trial court's order subjected them to the burden and expense of litigation before determining their claims of immunity from suit").

## B. The Trial Court's Delay Frustrates The Texas Tort Claims Act's Mandate of Expedited Dismissal.

The trial court's refusal to rule on Dr. Cooper's Plea departs from precedent and undermines the Texas Legislature's intent behind Section 101.106(f) of the Texas Tort Claims Act. This provision is designed to prompt "the early dismissal of a suit against an employee when the suit arises from an employee's conduct that was within the scope of employment and could be brought against the government under

20

the TTCA." *Texas Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350, 355 (Tex. 2013); *see also* Tex. Civ. Prac. & Rem. Code § 101.106(f) ("On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant ***on or before the 30th day after the date the motion is filed***.") (emphasis added).

Now, six months into the case, Dr. Cooper's rights to a swift dismissal and accelerated appeal have been jeopardized. *See City of Galveston*, 93 S.W.3d at 592 ("The city and the county stand to lose their substantial rights to an interlocutory appeal specifically provided by the Legislature with the purpose of avoiding the expense of pretrial discovery and attending mediation."); *see also In re Bexar*, 2025 WL 466069, at *5 ("Here, the trial court's rulings impair relators' substantive and procedural rights. First, relators' right to a ruling on its jurisdictional challenge at the trial court's 'earliest opportunity' was impaired . . . Second, relators' right to an accelerated appeal to review the trial court's jurisdictional ruling was impaired.") (cleaned up). The trial court's continued, unjustified delay in ruling on Section 101.106(f)'s jurisdictional bar further impairs the legislature's desire for early dismissal of cases such as this, against government employees acting within the scope of their employment. *See Texas Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d at 355.

21

Mandamus is necessary here to correct the trial court's abuse of discretion and to safeguard the statutory rights the Legislature provided to protect State employees like Dr. Cooper.

## CONCLUSION

This is not a close call. The trial court has refused (on its own initiative) to hear a properly raised jurisdictional Plea—flagrantly disregarding Texas precedent—and set merits-based motions for hearing in a case over which it may have no power to act. That is not discretionary case management. It is a constitutional error. The trial court's refusal to rule deprives Dr. Cooper of sovereign immunity, strips him of his statutory right to an interlocutory appeal, and subjects him to costly litigation. Dr. Cooper only seeks what Texas law requires: a ruling on jurisdiction before the litigation proceeds. The trial court's defiance of that rule is an affront to the Legislature's command and this Court's appellate authority.

Dr. Cooper respectfully requests that this Court issue a writ directing the trial court to promptly hear and decide his pending Plea to the Jurisdiction before taking any further action in the case.

## PRAYER

For these reasons, this Court should grant mandamus relief and issue a writ directing the Collin County Court to set and hear his Plea to the Jurisdiction before

taking any other actions on the merits, including by hearing the pending Motion to Compel and Rule 91A Motion to Dismiss.

May 21, 2025

Respectfully submitted,

/s/ Avi Moshenberg
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
(832) 280-5670
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

Simona Agnolucci (*application for pro hac admission pending*)
Barrington Dyer (*application for pro hac admission pending*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*application for pro hac admission pending*)
Emily Abbey (*application for pro hac admission pending*)
Isabella McKinley Corbo (*application for pro hac admission pending*)
Zoe Packman (*application for pro hac admission pending*)
Rodolfo Rivera Aquino (*application for pro hac admission pending*)
Remy Carreiro (*application for pro hac admission pending*)
Emma Rodriguez (*application for pro hac admission pending*)
WILLKIE FARR & GALLAGHER LLP
333 Bush St, 34th Floor
San Francisco, CA 94104
(415) 858-7470

sagnolucci@willkie.com
bdyer@willkie.com

aholland@willkie.com
eabbey@willkie.com
icorbo@willkie.com
zpackman@willkie.com
rriveraaquino@willkie.com
rcarreiro@willkie.com
erodriguez@willkie.com

ATTORNEYS FOR RELATOR

## CERTIFICATE OF FACTUAL SUPPORT

I hereby certify that I have reviewed the foregoing document and concluded that every factual statement in the foregoing document is supported by competent evidence included in the appendix or the record.

/s/ *Avi Moshenberg*
Avi Moshenberg

## CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 9(i)(1), I hereby certify that the foregoing Petition for Writ of Mandamus contains 5,822 words.

/s/ *Avi Moshenberg*
Avi Moshenberg

## CERTIFICATION OF SERVICE

I certify that the foregoing was served upon all interested parties pursuant to Texas Rule of Appellate Procedure 9.5(b)(2).

**NO. _____**

IN THE FIFTEENTH DISTRICT COURT OF APPEALS
FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

**In re M. Brett Cooper, M.D.,**
*Relator*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas
Cause No. 493-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

**APPENDIX INDEX**

| Tab | Description |
|-----|-------------|
| 1 | April 28, 2025 Email thread with parties and Court Coordinator |
| 2 | April 30, 2025 Email thread with parties and Court Coordinator |
| 3 | May 2, 2025 Email thread with parties and Court Coordinator |
| 4 | May 6, 2025 Email thread with parties and Court Coordinator |
| 5 | May 7, 2025 Dr. Cooper's Letter to the Court |
| 6 | April 16, 2025 Order on the State of Texas's Motion to Compel Defendant's Discovery Responses And Dr. Lau's Motion for Reconsideration of Order to Compel Documents Responsive to the State's Request for Production No. 27 in *State v. Lau*, Cause No. 493-07676-2024 |
| 7 | May 6, 2025 Further Order Granting in part and Denying in part Defendant's Motion for Reconsideration of Order to Compel Regarding State's RFP No. 27 and Request for in Camera Review in *State v. Lau*, Cause No. 493-07676-2024 |

| Tab | Description |
|---|---|
| 8 | February 28, 2025 Order Denying Defendant M. Brett Cooper M.D.'s Motion to Dismiss Under Texas Rule of Civil Procedure 91a |
| 9 | April 24, 2025 Order in *In Re Nonparty Patient 1 et al.*, Case No. 15-25-00031-CV |

## **VERIFICATION**

My name is Avi Moshenberg, my date of birth is March 16, 1986. I am over the age of 18 years and am fully competent to make this declaration. My law firm address is 2301 Commerce Street, Houston, TX 77002. I am an attorney at Lawson & Moshenberg. I serve as counsel for Relator Dr. M. Brett Cooper M.D. in the above-captioned case. I am admitted to practice law in the State of Texas. I prepared the record and appendix in this case.

Based on my personal knowledge, the following facts are true and correct:

The documents in this Appendix Tabs 1–9 are true and correct copies of communications with the 493rd Judicial District Court, notices and orders filed and served in this case, and orders in related cases.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Houston, Texas on May 21, 2025.

*/s/ Avi Moshenberg*
Avi Moshenberg

# Appendix Tab 1

| From: | Packman, Zoe |
|---|---|
| To: | Amy Patterson; "Rob Farquharson"; WFG_DrCooper; Avi Moshenberg; David Shatto; Sutker, Cory; Cooper, Jackie; Wolf, Alex; Lascano, Julie; Newsome, Jervonne D.; Logan, William; Hung, Jonathan; edlewis@winston.com |
| Cc: | Emily Samuels; Pauline Sisson; Johnathan Stone |
| Subject: | RE: 493-07676-2024 & 493-08026-2024 State of Texas |
| Date: | Monday, April 28, 2025 11:25:47 AM |
| Attachments: | image001.png |
| | image002.png |
| | 2025-04-25 Cooper"s Plea to Jurisdiction    Motion to Dismiss.pdf |
| | 2025-04-25 Proposed Order Granting Plea to the Jurisdiction.pdf |

Good afternoon Ms. Patterson,

Please find attached a courtesy copy of Dr. Cooper's Plea to the Jurisdiction and Rule 91a Motion, which was filed this past Friday, April 25, in Case No. 493-08026-2024.  Is the Court available to set this motion for hearing on Monday, June 2?  If not, is the Court available to hear this motion on Wednesday, May 21 or Tuesday, June 3?

Thank you,
Zoe

**Zoe Packman**
**Willkie Farr & Gallagher LLP**
333 Bush St | San Francisco, CA 94104
Direct: +1 415 858 7404 | Fax: +1 415 858 7599
zpackman@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Amy Patterson <apatterson@co.collin.tx.us>
**Sent:** Tuesday, April 22, 2025 10:51 AM
**To:** 'Rob Farquharson' <Rob.Farquharson@oag.texas.gov>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>; edlewis@winston.com
**Cc:** Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

### *** EXTERNAL EMAIL ***

Thank you!

The orders have been signed and are being efiled.

App. 2

**\*\* I will be out of the office April 23-28 without access to email; send all scheduling request to 493@co.collin.tx.us.**

*Thank you,*
*Amy Patterson*

Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

---

**From:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>
**Sent:** Tuesday, April 22, 2025 12:47 PM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; WFG_DrCooper <wfg_drcooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>; edlewis@winston.com
**Cc:** Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

> **\*\*\*\*\* WARNING:** External Email. Do not click links or open attachments that are unsafe. **\*\*\*\*\***

Thank you, Ms. Patterson. I just spoke to Mr. Lewis, one of the attorneys representing the Non-Party Patients. The Non-Party Patients and State agree to the form of the attached order.

All the best,

Rob



Rob Farquharson
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Texas

---

**From:** Amy Patterson <apatterson@co.collin.tx.us>
**Sent:** Tuesday, April 22, 2025 12:34 PM
**To:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>; WFG_DrCooper <wfg_drcooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Kimberly Gdula <Kimberly.Gdula@oag.texas.gov>; Brianna

App. 3

Krominga <Brianna.Krominga@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>
**Cc:** Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

The Court denied the Motion for Protection, except in so far as is needed to be consistent with the Court's prior ruling(s) on the Nonparty Patients Motion to Stay.

## ** I will be out of the office April 23-28 without access to email; send all scheduling request to 493@co.collin.tx.us.

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

---

**From:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>
**Sent:** Tuesday, April 22, 2025 9:07 AM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; WFG_DrCooper <wfg_drcooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Kimberly Gdula <Kimberly.Gdula@oag.texas.gov>; Brianna Krominga <Brianna.Krominga@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>
**Cc:** Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

***** WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Good Morning Ms. Patterson:

The State's understanding is as follows:

1. Cooper Scheduling Order: Agreed and filed. A draft is attached here.

App. 4

2. Order Denying Lau Objections to Stone Declaration: Agreed as to form. A draft is attached here.
3. Order on State's Motion to Strike and Non-Party's Motion for Protection: We don't necessarily have a disagreement, but I believe we might need the Court to clarify whether it (a) denied the motion for protection in part or (b) granted it in part and denied it in part. In either event, we know that the Court's objective is to maintain consistency with the Court's 4/8 order and the current draft does make reference to that order.

All the best

Rob



Rob Farquharson
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Texas

**From:** Amy Patterson <apatterson@co.collin.tx.us>
**Sent:** Tuesday, April 22, 2025 8:20 AM
**To:** WFG_DrCooper <wfg_drcooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; Rob Farquharson <Rob.Farquharson@oag.texas.gov>; David Shatto <David.Shatto@oag.texas.gov>; Kimberly Gdula <Kimberly.Gdula@oag.texas.gov>; Brianna Krominga <Brianna.Krominga@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>
**Subject:** 493-07676-2024 & 493-08026-2024 State of Texas
**Importance:** High

Good morning,

Please if an agreement on form of all orders has been reached or if we will be seeing you all today on anything.

**\*\* I will be out of the office April 23-28 without access to email; send all scheduling request to 493@co.collin.tx.us.**

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road

App. 5

McKinney, TX 75071
Collin County, Texas
Ph#214-491-4870

**<span style="color:red">You MUST appear for your hearings unless the Court tells you otherwise.</span>**

**Please send all scheduling request to [493@co.collin.tx.us](mailto:493@co.collin.tx.us) for a faster response time.**

# Appendix Tab 2

**Holland, Anika**

| | |
|---|---|
| **From:** | Amy Patterson <apatterson@co.collin.tx.us> |
| **Sent:** | Thursday, May 1, 2025 8:18 AM |
| **To:** | Packman, Zoe; 'Rob Farquharson'; WFG_DrCooper; Avi Moshenberg; David Shatto; Sutker, Cory; Cooper, Jackie; Wolf, Alex; Lascano, Julie; Newsome, Jervonne D.; Logan, William; Hung, Jonathan; edlewis@winston.com |
| **Cc:** | Emily Samuels; Pauline Sisson; Johnathan Stone |
| **Subject:** | RE: 493-07676-2024 & 493-08026-2024  State of Texas |

**\*\*\* EXTERNAL EMAIL \*\*\***

Counsel- Judge Nowak is reviewing her statements to the parties at the conclusion of the last hearing on the Plea to Jurisdiction and asked that I not add this to the docket until she has an opportunity to do so.


*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

---

**From:** Packman, Zoe <ZPackman@willkie.com>
**Sent:** Wednesday, April 30, 2025 4:48 PM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; 'Rob Farquharson' <Rob.Farquharson@oag.texas.gov>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>; edlewis@winston.com
**Cc:** Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

**\*\*\*\*\* WARNING:** External Email. Do not click links or open attachments that are unsafe. **\*\*\*\*\***

Hi Ms. Patterson,

Thank you for letting us know.  We have conferred, and propose May 27, 28, and 29 as alternative dates.

Thanks again,
Zoe


**Zoe Packman**

App. 8

**Willkie Farr & Gallagher LLP**
333 Bush St | San Francisco, CA 94104
Direct: +1 415 858 7404 | Fax: +1 415 858 7599
zpackman@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Amy Patterson <apatterson@co.collin.tx.us>
**Sent:** Wednesday, April 30, 2025 12:40 PM
**To:** Packman, Zoe <ZPackman@willkie.com>; 'Rob Farquharson' <Rob.Farquharson@oag.texas.gov>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>; edlewis@winston.com
**Cc:** Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas
**Importance:** High

**\*\*\* EXTERNAL EMAIL \*\*\***

Counsel- at present we are set to be in a jury trial the week of June 2. Please confer and let me know 3 additional dates that all parties are available. In the meantime I am checking on one matter set on May 21 to confirm if it is going to go or settle. It is possible May 21 at 9am will work for the Court; I will be in touch with you soon.

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

---

**From:** Packman, Zoe <ZPackman@willkie.com>
**Sent:** Wednesday, April 30, 2025 10:59 AM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; 'Rob Farquharson' <Rob.Farquharson@oag.texas.gov>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>; edlewis@winston.com
**Cc:** Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

**\*\*\*\*\* WARNING:** External Email. Do not click links or open attachments that are unsafe. **\*\*\*\*\***

Good morning Ms. Patterson,

2

App. 9

Please find attached a courtesy copy of Dr. Cooper's Plea to the Jurisdiction and Rule 91a Motion, which was filed this past Friday, April 25, in Case No. 493-08026-2024. I apologize, I sent this document initially while you were out of office.

Is the Court available to set this motion for hearing on Monday, June 2? If not, is the Court available to hear this motion on Wednesday, May 21 or Tuesday, June 3?

Thank you,
Zoe

**Zoe Packman**
**Willkie Farr & Gallagher LLP**
333 Bush St | San Francisco, CA 94104
Direct: +1 415 858 7404 | Fax: +1 415 858 7599
zpackman@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Amy Patterson <apatterson@co.collin.tx.us>
**Sent:** Tuesday, April 22, 2025 10:51 AM
**To:** 'Rob Farquharson' <Rob.Farquharson@oag.texas.gov>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>; edlewis@winston.com
**Cc:** Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

**\*\*\* EXTERNAL EMAIL \*\*\***

Thank you!

The orders have been signed and are being efiled.

## \*\* I will be out of the office April 23-28 without access to email; send all scheduling request to 493@co.collin.tx.us.

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

**From:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>
**Sent:** Tuesday, April 22, 2025 12:47 PM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; WFG_DrCooper <wfg_drcooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Sutker, Cory

3

App. 10

<[cory.sutker@cooperscully.com](mailto:cory.sutker@cooperscully.com)>; Cooper, Jackie <[jackie.cooper@cooperscully.com](mailto:jackie.cooper@cooperscully.com)>; Wolf, Alex <[awolf@steptoe.com](mailto:awolf@steptoe.com)>; Lascano, Julie <[Jlascano@steptoe.com](mailto:Jlascano@steptoe.com)>; Newsome, Jervonne D. <[JNewsome@winston.com](mailto:JNewsome@winston.com)>; Logan, William <[WLogan@winston.com](mailto:WLogan@winston.com)>; Hung, Jonathan <[JOHung@winston.com](mailto:JOHung@winston.com)>; [edlewis@winston.com](mailto:edlewis@winston.com)
**Cc:** Emily Samuels <[Emily.Samuels@oag.texas.gov](mailto:Emily.Samuels@oag.texas.gov)>; Pauline Sisson <[Pauline.Sisson@oag.texas.gov](mailto:Pauline.Sisson@oag.texas.gov)>; Johnathan Stone <[Johnathan.Stone@oag.texas.gov](mailto:Johnathan.Stone@oag.texas.gov)>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Thank you, Ms. Patterson. I just spoke to Mr. Lewis, one of the attorneys representing the Non-Party Patients. The Non-Party Patients and State agree to the form of the attached order.

All the best,

Rob



Rob Farquharson
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Texas

---

**From:** Amy Patterson <[apatterson@co.collin.tx.us](mailto:apatterson@co.collin.tx.us)>
**Sent:** Tuesday, April 22, 2025 12:34 PM
**To:** Rob Farquharson <[Rob.Farquharson@oag.texas.gov](mailto:Rob.Farquharson@oag.texas.gov)>; WFG_DrCooper <[wfg_drcooper@willkie.com](mailto:wfg_drcooper@willkie.com)>; Avi Moshenberg <[avi.moshenberg@lmbusinesslaw.com](mailto:avi.moshenberg@lmbusinesslaw.com)>; David Shatto <[David.Shatto@oag.texas.gov](mailto:David.Shatto@oag.texas.gov)>; Kimberly Gdula <[Kimberly.Gdula@oag.texas.gov](mailto:Kimberly.Gdula@oag.texas.gov)>; Brianna Krominga <[Brianna.Krominga@oag.texas.gov](mailto:Brianna.Krominga@oag.texas.gov)>; Sutker, Cory <[cory.sutker@cooperscully.com](mailto:cory.sutker@cooperscully.com)>; Cooper, Jackie <[jackie.cooper@cooperscully.com](mailto:jackie.cooper@cooperscully.com)>; Wolf, Alex <[awolf@steptoe.com](mailto:awolf@steptoe.com)>; Lascano, Julie <[Jlascano@steptoe.com](mailto:Jlascano@steptoe.com)>; Newsome, Jervonne D. <[JNewsome@winston.com](mailto:JNewsome@winston.com)>; Logan, William <[WLogan@winston.com](mailto:WLogan@winston.com)>; Hung, Jonathan <[JOHung@winston.com](mailto:JOHung@winston.com)>
**Cc:** Emily Samuels <[Emily.Samuels@oag.texas.gov](mailto:Emily.Samuels@oag.texas.gov)>; Pauline Sisson <[Pauline.Sisson@oag.texas.gov](mailto:Pauline.Sisson@oag.texas.gov)>; Johnathan Stone <[Johnathan.Stone@oag.texas.gov](mailto:Johnathan.Stone@oag.texas.gov)>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

The Court denied the Motion for Protection, except in so far as is needed to be consistent with the Court's prior ruling(s) on the Nonparty Patients Motion to Stay.

## ** I will be out of the office April 23-28 without access to email; send all scheduling request to [493@co.collin.tx.us](mailto:493@co.collin.tx.us).

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to [493@co.collin.tx.us](mailto:493@co.collin.tx.us) for a faster response time.**

App. 11

**From:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>
**Sent:** Tuesday, April 22, 2025 9:07 AM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; WFG_DrCooper <wfg_drcooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Kimberly Gdula <Kimberly.Gdula@oag.texas.gov>; Brianna Krominga <Brianna.Krominga@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>
**Cc:** Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: 493-07676-2024 & 493-08026-2024 State of Texas

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Good Morning Ms. Patterson:

The State's understanding is as follows:

1. Cooper Scheduling Order: Agreed and filed. A draft is attached here.
2. Order Denying Lau Objections to Stone Declaration: Agreed as to form. A draft is attached here.
3. Order on State's Motion to Strike and Non-Party's Motion for Protection: We don't necessarily have a disagreement, but I believe we might need the Court to clarify whether it (a) denied the motion for protection in part or (b) granted it in part and denied it in part. In either event, we know that the Court's objective is to maintain consistency with the Court's 4/8 order and the current draft does make reference to that order.

All the best

Rob



Rob Farquharson
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Texas

---

**From:** Amy Patterson <apatterson@co.collin.tx.us>
**Sent:** Tuesday, April 22, 2025 8:20 AM
**To:** WFG_DrCooper <wfg_drcooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; Rob Farquharson <Rob.Farquharson@oag.texas.gov>; David Shatto <David.Shatto@oag.texas.gov>; Kimberly Gdula <Kimberly.Gdula@oag.texas.gov>; Brianna Krominga <Brianna.Krominga@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>
**Subject:** 493-07676-2024 & 493-08026-2024 State of Texas
**Importance:** High

Good morning,

App. 12

Please if an agreement on form of all orders has been reached or if we will be seeing you all today on anything.

**\*\* I will be out of the office April 23-28 without access to email; send all scheduling request to 493@co.collin.tx.us.**

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road
McKinney, TX 75071
Collin County, Texas
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

# Appendix Tab 3

**Holland, Anika**

| | |
|---|---|
| **From:** | Amy Patterson <apatterson@co.collin.tx.us> |
| **Sent:** | Friday, May 2, 2025 7:18 AM |
| **To:** | 'Pauline Sisson' |
| **Cc:** | Johnathan Stone; Rob Farquharson; David Shatto; Amy Pletscher; Emily Samuels; Melinda Pate; Packman, Zoe; WFG_DrCooper; Avi Moshenberg; Sutker, Cory; Cooper, Jackie; Wolf, Alex; Lascano, Julie; Newsome, Jervonne D.; Logan, William; Hung, Jonathan; edlewis@winston.com |
| **Subject:** | RE: Setting Request for No. 493-08026-2024; State of Texas v. M. Brett Cooper, M.D. |
| **Importance:** | High |

*** EXTERNAL EMAIL ***

Counsel, we hope you are having a great Friday so far.  After speaking with Judge Nowak, we are able to set the Motion to Dismiss and Motion to Compel in the Cooper case for May 29 at 1:15PM.  The Court intends to review the transcript from the prior plea to jurisdiction hearing in Cooper and would like to discuss with the Parties before we set the plea to jurisdiction.  With respect to the Lau matter, the Court following review of the in camera documents related to RFP No. 27 GRANTS the request to reconsider as it relates to Wilkie Farr & Gallagher communications after the filing of this lawsuit, and DENIES the request to reconsider as it relates to Patients/Patient's Parents and News Reporters.  The Court ORDERS Defendant to produce responsive documents or produce a privilege log on or before May 16, 2025 as to Patients/Patient's Parents, and News Reporters. Counsel, please provide the Court a proposed order today regarding this production.  The request to reconsider as to Winston Strawn, Children's Health, and UTSW remains under advisement, and to that end the Court requests additional exemplars be provided for in camera review on or before May 16, 2025.  In addition to the above, on or before May 16, 2025, the Court asks that you provide a joint status report regarding the status of the pending mandamus and the Dallas County proceedings.  Many thanks.

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

---

**From:** Pauline Sisson <Pauline.Sisson@oag.texas.gov>
**Sent:** Thursday, May 1, 2025 2:53 PM
**To:** Amy Patterson <apatterson@co.collin.tx.us>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Rob Farquharson <Rob.Farquharson@oag.texas.gov>; David Shatto <David.Shatto@oag.texas.gov>; Amy Pletscher <Amy.Pletscher@oag.texas.gov>; Emily Samuels <Emily.Samuels@oag.texas.gov>; Melinda Pate <Melinda.Pate@oag.texas.gov>; 'Packman, Zoe' <ZPackman@willkie.com>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>;

App. 15

Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Hung, Jonathan <JOHung@winston.com>; edlewis@winston.com
**Subject:** Setting Request for No. 493-08026-2024; State of Texas v. M. Brett Cooper, M.D.

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Good afternoon, Ms. Patterson.

The State would like to set a one-hour hearing on our Motion to Compel Discovery, which was e-filed this morning. Would you provide us with several dates for our motion to be heard at the court's earliest convenience?

Thank you for your time.

Pauline



*Pauline Sisson*
Legal Assistant
Consumer Protection Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, MC - 010
Austin, TX  78711-2548
Pauline.Sisson@oag.texas.gov

App. 16

# Appendix Tab 4

| | |
|---|---|
| **From:** | Amy Patterson |
| **To:** | Abbey, Emily; Rob Farquharson; Packman, Zoe; WFG_DrCooper; Avi Moshenberg; Johnathan Stone; David Shatto; Sutker, Cory; Cooper, Jackie; Wolf, Alex; Lascano, Julie; Newsome, Jervonne D.; Logan, William; Pauline Sisson; Emily Samuels; Amy Pletscher |
| **Subject:** | RE: 493-08026-2024 State of Texas V. Cooper |
| **Date:** | Monday, May 12, 2025 9:10:46 AM |
| **Attachments:** | image001.png |

**\*\*\* EXTERNAL EMAIL \*\*\***

That is correct, the motion to dismiss and motion to compel are currently set on May 29 at 1:15pm.

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

**From:** Abbey, Emily <EAbbey@willkie.com>
**Sent:** Monday, May 12, 2025 10:42 AM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; Rob Farquharson <Rob.Farquharson@oag.texas.gov>; Packman, Zoe <ZPackman@willkie.com>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; David Shatto <David.Shatto@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Emily Samuels <Emily.Samuels@oag.texas.gov>; Amy Pletscher <Amy.Pletscher@oag.texas.gov>
**Subject:** Re: 493-08026-2024 State of Texas V. Cooper

**\*\*\*\*\* WARNING:** External Email. Do not click links or open attachments that are unsafe. **\*\*\*\*\***

Ms. Patterson:

Thank you, the parties will confer. To avoid any confusion, counsel for Dr. Cooper wants to confirm that the State's Motion to Compel and Dr. Cooper's Rule 91a Motion to Dismiss will be set for hearing on May 29, but the plea to the jurisdiction will not be set for hearing that day?

Thank you,

_

App. 18

On May 9, 2025 at 1:38:00 PM PDT, Amy Patterson <apatterson@co.collin.tx.us> wrote:

*** EXTERNAL EMAIL ***

Please confer and then loop the court back in.

On May 29, please bring your calendars if you wish to schedule the conference room for depo's.


*Thank you,*
*Amy Patterson*

Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**


**Emily Abbey**
**Willkie Farr & Gallagher LLP**
333 Bush St | San Francisco, CA 94104
Direct: +1 415 858 7479 | Fax: +1 415 858 7599
eabbey@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>
**Sent:** Wednesday, May 7, 2025 5:30 PM
**To:** Packman, Zoe <ZPackman@willkie.com>; Amy Patterson <apatterson@co.collin.tx.us>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; David Shatto <David.Shatto@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Emily Samuels <Emily.Samuels@oag.texas.gov>; Amy Pletscher <Amy.Pletscher@oag.texas.gov>
**Subject:** RE: 493-08026-2024 State of Texas V. Cooper

***** WARNING: External Email. Do not click links or open attachments that are unsafe. *****

Ms. Patterson:

The State does not agree with Dr. Cooper's characterization. In addition to the issues presented by our pending Motion to Compel, some of the attachments to Dr. Cooper's

filings were never even produced to the State prior to that filing. What is more, the State intends to cross-examine Dr. Cooper on the self-serving testimony that he has provided in support of the Plea to the Jurisdiction.

In light of the Court's prior instructions and the urgency that Dr. Cooper's counsel is now communicating, however, we will confer to see if they are willing to present Dr. Cooper for an initial deposition on jurisdictional topics only. If we can get an agreement on that front, and after the Court has an opportunity to address the pending Motion to Compel, we think it would be appropriate for the Court to consider the Plea to the Jurisdiction.

All the best,

Rob



Rob Farquharson
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Texas

---

**From:** Packman, Zoe <ZPackman@willkie.com>
**Sent:** Wednesday, May 7, 2025 4:44 PM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Rob Farquharson <Rob.Farquharson@oag.texas.gov>; David Shatto <David.Shatto@oag.texas.gov>; Kimberly Gdula <Kimberly.Gdula@oag.texas.gov>; Brianna Krominga <Brianna.Krominga@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>
**Subject:** RE: 493-08026-2024 State of Texas V. Cooper

Good afternoon Ms. Patterson,

Please find attached Dr. Cooper's correspondence to the Court regarding the Plea to the Jurisdiction.  In short, sufficient discovery has been completed as to the jurisdictional issues and Dr. Cooper therefore respectfully requests that the Court set the Plea to the Jurisdiction for hearing.  Dr. Cooper has also filed this document on the docket for the Court's convenience.

Thank you,
Zoe

Zoe Packman
Willkie Farr & Gallagher LLP

333 Bush St | San Francisco, CA 94104
Direct: +1 415 858 7404 | Fax: +1 415 858 7599
zpackman@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Amy Patterson <apatterson@co.collin.tx.us>
**Sent:** Tuesday, May 6, 2025 11:29 AM
**To:** WFG_DrCooper <WFG_DrCooper@willkie.com>; Avi Moshenberg <avi.moshenberg@lmbusinesslaw.com>; Rob Farquharson <Rob.Farquharson@oag.texas.gov>; David Shatto <David.Shatto@oag.texas.gov>; Kimberly Gdula <Kimberly.Gdula@oag.texas.gov>; Brianna Krominga <Brianna.Krominga@oag.texas.gov>; Sutker, Cory <cory.sutker@cooperscully.com>; Cooper, Jackie <jackie.cooper@cooperscully.com>; Wolf, Alex <awolf@steptoe.com>; Lascano, Julie <Jlascano@steptoe.com>; Newsome, Jervonne D. <JNewsome@winston.com>; Logan, William <WLogan@winston.com>
**Subject:** 493-08026-2024 State of Texas V. Cooper

*** EXTERNAL EMAIL ***

Counsel, the Court has had an opportunity to review the Feb 28 hearing transcript. The immunity and TTCA issues presented in the Plea to Jurisdiction filed 4/25 appear to be similarly postured as they were at the Feb. 28 hearing. Has full discovery regarding the employment and privilege issues discussed at the February hearing occurred? If yes, we can set this motion for hearing. If no, as discussed at the Feb hearing, it would appear we are not ripe to reset these issues for a second hearing. Ms. Patterson has been directed to set the Rule 91a on Count 3 for hearing and by this email I have also asked her to set a hearing on the controlled substances act claim. A Motion to Compel has also now been filed. To that end, please be guided by the orders entered in the Lau case on discovery issues and the Court directs the parties to substantively meet and confer regarding the discovery disputes outstanding after reviewing the Court's orders entered in Lau. We will add the Motion to Compel to the 5/29 hearing date. Thank you.

*Thank you,*
*Amy Patterson*

Court Coordinator, 493rd District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road
McKinney, TX 75071
Collin County, Texas
Ph#214-491-4870

App. 21

**<span style="color:red">You MUST appear for your hearings unless the Court tells you otherwise.</span>**

**Please send all scheduling request to <u>493@co.collin.tx.us</u> for a faster response time.**

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

# Appendix Tab 5

Filed: 5/7/2025 4:35 PM
Michael Gould
District Clerk
Collin County, Texas
By Rosanne Summers Deputy
Envelope ID: 100568837

# WILLKIE FARR & GALLAGHER LLP

333 Bush St
San Francisco, CA 94104
Tel: 415 858 7400
Fax: 415 858 7599

May 7, 2025

**Via Electronic Filing and Electronic Mail: apatterson@co.collin.tx.us**

Hon. Christine A. Nowak
Presiding Judge, 493rd Judicial District
c/o Amy Patterson, Court Coordinator
Collin County, Texas
Russel A. Steindam Courts Building
2100 Bloomdale Road,
McKinney, Texas 75071

 Re:  State of Texas v. M. Brett Cooper, M.D., Cause No. 493-08026-2024

Dear Judge Nowak:

 Dr. Cooper respectfully requests that the Court set the Plea to the Jurisdiction for hearing on May 29, 2025, or at the Court's earliest convenience.  On May 6, 2025, the Court provided that the Plea to the Jurisdiction could be set for hearing if "full discovery regarding the employment and privilege issues discussed at the February hearing [had] occurred."  **Exhibit A**.  Sufficient evidence has been produced to address the concerns the Court raised during the February 28 hearing, relevant transcript portions from which are attached as **Exhibit B**.  The Plea is therefore ripe for setting at this stage.  Conversely, unjustifiably delaying a decision on the Court's subject matter jurisdiction over this matter inflicts substantial cost, prejudice, and undue burden on Dr. Cooper, as well as expends substantial State, Court and party resources.  *See In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, 2025 WL 466069, at *4 (Tex. App. Feb. 12, 2025) (collecting cases where "Texas courts of appeals have concluded that a trial court abuses its discretion when it delays ruling on a jurisdictional plea for the purpose of allowing discovery unnecessary to the jurisdictional challenge.").

 Now six months into the litigation, jurisdiction must be decided without delay because (1) Dr. Cooper has provided evidence establishing immunity under the Texas Tort Claims Act; and (2) courts must determine subject matter jurisdiction at the earliest opportunity and before reaching the merits, which are at issue in the State's Motion to Compel and Dr. Cooper's Rule 91a Motion to Dismiss.

BRUSSELS  CHICAGO  DALLAS  FRANKFURT  HOUSTON  LONDON  LOS ANGELES  MILAN
MUNICH  NEW YORK  PALO ALTO  PARIS  ROME  SAN FRANCISCO  WASHINGTON

**Dr. Cooper Has Provided Evidence Establishing Immunity.**

During the February 28 hearing, the Court addressed Dr. Cooper's Rule 91a Motion to Dismiss the Deceptive Trade Practices Act claim. The Court denied the motion, holding that the Texas Tort Claims Act ("TTCA") and sovereign immunity arguments were premature. Exhibit B at 68. The Court requested evidence on this issue, specifically as to "who received the payment for the treatment," "billing records," and the "employment agreement" at issue. *Id.* at 69. As shown in the below chart, evidence filed with Dr. Cooper's Plea to the Jurisdiction satisfies the Court's requests:

| Court's Request | Evidence Presented in Plea |
|---|---|
| Employment Agreement | <ul><li>Letter of Intent from UTSW to Dr. Cooper (Packman Decl. Ex. A).</li><li>Signed UTSW Faculty Code of Professional Conduct (Packman Decl. Ex. B).</li><li>Agreement for Participation in Medical Services, Research and Development Plan, The University of Texas Southwestern Medical Center and Assignment (Packman Decl. Ex. C).</li><li>June 14, 2018 "Acceptance of Letter of Intent Email" (Packman Decl. Ex. D).</li><li>UTSW Offer Letter (Packman Decl. Ex. E).</li><li>Dr. Cooper's Memorandums of Appointment (Packman Decl. Exs. F–H).</li></ul> |
| Who Received the Payment for Treatment | <ul><li>Dr. Cooper's Memorandums of Appointment (Packman Decl. Exs. F–H) (providing that Dr. Cooper "shall assign all professional income . . . to the Institutional Trust Fund" including "Professional fees . . . generated for all patient care services rendered by full-time faculty Members *regardless of where rendered*") (emphasis added).</li><li>Cooper Decl. ¶ 10 ("All of the patients that I see are billed through UTSW for professional fees for the provision of care and have billing records stored by UTSW").</li></ul> |
| Billing Records | <ul><li>Dr. Cooper's Memorandums of Appointment (Packman Decl. Exs. F–H) (providing that Dr. Cooper "shall assign all professional income . . . to the Institutional Trust Fund" including "Professional fees . . . generated *for all patient care services* rendered by full-time faculty Members *regardless of where rendered*") (emphasis added).</li><li>Cooper Decl. ¶ 10 ("All of the patients that I see are billed through UTSW for professional fees for the provision of care and have billing records stored by UTSW").</li></ul> |
| *Additional Evidence Beyond Court's Requests* | <ul><li>Description of venue discovery documents showing Dr. Cooper's status as UTSW employee (Packman Decl. ¶¶ 9–10).</li><li>Dr. Cooper's paystub from UTSW (Packman Decl. Ex. I).</li><li>Dr. Cooper's W-2 forms (Packman Decl. Exs. J–K).</li><li>Dr. Cooper's Promotion Letter (Packman Decl. Ex. L).</li><li>Dr. Cooper's sworn declaration explaining UTSW's control of his employment.</li></ul> |

2

While the patients' billing records are unavailable pursuant to the current stay, there is no fact question as to what hospital was billed for the care at issue. Dr. Cooper's Memorandums of Appointment make clear that all payment for Dr. Cooper's provision of medical services is assigned to UTSW's Institutional Trust Fund. *See In re Bexar*, 2025 WL 466069, at \*4. Billing records would only be redundant here.

This conclusion is reinforced by examining *Stallworth v. Robison*, 2021 WL 5496345 (Tex. App. Nov. 24, 2021), as the Court directed during the February 28 hearing. Ex. B at 67–69. As explained in the Plea, *Stallworth* concerned a part-time government employee who was sued for actions performed at his private plastic surgery practice. Billing records were relevant in *Stallworth* because his agreement with the state hospital did not require fee assignment—indeed, he had an entirely separate part-time job at his private practice. Attached as **Exhibit C** is the motion for summary judgment filed in *Stallworth*, which attaches Dr. Stallworth's Memorandum of Appointment. Ex. C. at 15. Unlike Dr. Cooper's Memorandums, Dr. Stallworth's shows that he is employed at **75 percent time** and accordingly **excludes** the fee assignment provision provided in Dr. Cooper's Memorandums. *Id.* For convenience, Dr. Cooper's 2024 Memorandum of Appointment is attached here as **Exhibit D**. No additional evidence is needed here to show that UTSW was billed for Dr. Cooper's services, or that Dr. Cooper is an "employee" under the TTCA. The UTSW's billing and employment of Dr. Cooper are beyond dispute and additional discovery will not alter these facts.

**Jurisdiction Must Be Decided Before Reaching the Merits of the Other Outstanding Motions.**

"Jurisdiction is a court's first consideration." *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 174 (Tex. App. 1994). Courts must "have subject-matter jurisdiction before proceeding to the merits . . . in every case, ranging from the most banal to the most controversial." *Texas Right to Life v. Van Stean*, 702 S.W.3d 348, 353 (Tex. 2024). Trial courts must therefore determine subject matter jurisdiction "at [the] earliest opportunity." *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). A claim of sovereign immunity—such as that which is conferred onto Dr. Cooper by Section 101.106(f) of the TTCA—"defeats a trial court's subject matter jurisdiction" and is therefore "properly asserted in a plea to the jurisdiction." *City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App. 2002).

The case law is abundantly clear. This Court cannot proceed to the merits of Dr. Cooper's case without resolving whether it has subject-matter jurisdiction over the matter as a whole. *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 868–69 (Tex. 2023) ("As a corollary, the court may not move to the merits if even one jurisdictional argument remains unresolved."); *In re Torres*, No. 13-17-00172-CV, 2017 WL 2665986, at \*5 (Tex. App. June 21, 2017) ("Nevertheless, it is a 'fundamental precept that a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided.'"); *In re City of Edinburg*, No. 13-23-00131-CV,

3

2023 WL 3185808, at *4 (Tex. App. May 1, 2023) ("The subject matter of the pending motion or plea is relevant to our analysis, and we have stated that the failure to rule on a jurisdictional matter is a 'pivotal factor' in determining whether mandamus should issue given that jurisdiction presents a threshold issue in any case.").

The Court has set a hearing on Dr. Cooper's Rule 91a Motion to Dismiss and the State's Motion to Compel for May 29, 2025. Both motions implicate merits issues that cannot be decided without jurisdiction. *See Dallas Cnty. Republican Party v. Dallas Cnty. Democratic Party*, 2019 WL 4010776, at *4 (Tex. App. Aug. 26, 2019) ("A dismissal under 91a is a judgment on the merits . . . In contrast, subject matter jurisdiction is a prerequisite to entertaining the merits, and whenever a court finds a lack of jurisdiction it is obligated to go no further and dismiss."); *In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, 2025 WL 466069, at *5 (Tex. App. Feb. 12, 2025) (collecting cases where "relators had no adequate remedy by appeal because the trial court's order subjected them to the burden and expense of litigation before determining their claims of immunity from suit").

Accordingly, Dr. Cooper respectfully requests that the Court set the hearing on the Plea to the Jurisdiction for May 29, 2025, or at the Court's earliest opportunity, and before hearing the additional outstanding motions. Deciding jurisdiction at this juncture serves the interests of the parties. In contrast, proceeding on uncertain subject matter jurisdiction denies Dr. Cooper of the protections afforded to all Texas state employees and exposes the Texas Attorney General's Office to the expenditure of misdirected resources.

Sincerely,

Zoe Packman
Counsel for Defendant Dr. Cooper

cc: Johnathan Stone, Consumer Protection Division, Attorney General's Office
Johnathan.Stone@oag.texas.gov
Rob Farquharson, Consumer Protection Division, Attorney General's Office
Rob.Farquharson@oag.texas.gov
David Shatto, Consumer Protection Division, Attorney General's Office
David.Shatto@oag.texas.gov

4

# EXHIBIT A

**Packman, Zoe**

| | |
|---|---|
| **From:** | Amy Patterson <apatterson@co.collin.tx.us> |
| **Sent:** | Tuesday, May 6, 2025 11:29 AM |
| **To:** | WFG_DrCooper; Avi Moshenberg; Rob Farquharson; David Shatto; Kimberly Gdula; Brianna Krominga; Sutker, Cory; Cooper, Jackie; Wolf, Alex; Lascano, Julie; Newsome, Jervonne D.; Logan, William |
| **Subject:** | 493-08026-2024 State of Texas V. Cooper |

*** EXTERNAL EMAIL ***

Counsel, the Court has had an opportunity to review the Feb 28 hearing transcript. The immunity and TTCA issues presented in the Plea to Jurisdiction filed 4/25 appear to be similarly postured as they were at the Feb. 28 hearing. Has full discovery regarding the employment and privilege issues discussed at the February hearing occurred? If yes, we can set this motion for hearing. If no, as discussed at the Feb hearing, it would appear we are not ripe to reset these issues for a second hearing. Ms. Patterson has been directed to set the Rule 91a on Count 3 for hearing and by this email I have also asked her to set a hearing on the controlled substances act claim. A Motion to Compel has also now been filed. To that end, please be guided by the orders entered in the Lau case on discovery issues and the Court directs the parties to substantively meet and confer regarding the discovery disputes outstanding after reviewing the Court's orders entered in Lau. We will add the Motion to Compel to the 5/29 hearing date. Thank you.

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road
McKinney, TX 75071
Collin County, Texas
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

1

App. 29

# EXHIBIT B

REPORTER'S RECORD

TRIAL COURT CAUSE NO. 493-07676-2024
TRIAL COURT CAUSE NO. 493-08026-2024

THE STATE OF TEXAS,             §   IN THE DISTRICT COURT
                                §
         Plaintiff,             §
                                §
VS.                             §
                                §   493RD JUDICIAL DISTRICT
MAY C. LAU, M.D.,               §
                                §
         Defendant.             §   COLLIN COUNTY, TEXAS


THE STATE OF TEXAS,             §   IN THE DISTRICT COURT
                                §
         Plaintiff,             §
                                §
VS.                             §
                                §   493RD JUDICIAL DISTRICT
M. BRETT COOPER, M.D.,          §
                                §
         Defendant.             §   COLLIN COUNTY, TEXAS


-----------------------------

MOTION HEARING

-----------------------------


    On the 28th day of February, 2025, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Christine Nowak, Judge presiding, held in McKinney, Collin County, Texas;

    Proceedings reported by machine shorthand.

that Dr. Cooper is not an independent contractor of UT and that UT does not not have the legal right to control his work based on the exclusion in the definition.

THE COURT: I don't think I agree with that particular argument given the fact that they've also alleged that he has privileges. And so one of the cases you already cited was *Skapek*, and then *Skapek* is cited by a number of other authorities, one of them being *Stallworth*, which is 2021 Westlaw 5496345, which is at the MTD stage, not a Rule 91a but just at a motion to dismiss. And the case kind of goes through not identical factual allegations but similar to here, where services were provided at a nongovernmental unit. And the query became, well, who had control, the legal right to control the treatment that was being provided. And that court ultimately concluded that a motion to dismiss could not or should not be granted given, in part, the fact issues.

And so, again, I just want to come back to -- I mean, you just cited the definition to me. Do you agree that at present, we don't know who had the legal right to control all of the treatment and services that were provided for each of these patients, or do you disagree with that?

MS. CORBO: I think that we just need to

focus on the word "employee" in the first paragraph of the State's petition.

THE COURT: All right. So at present, then, the Court similarly denies Dr. Cooper's motion to dismiss. In doing so, I want to be abundantly clear as it relates to the TTCA and the sovereign immunity. I think the arguments y'all have raised require the Court to consider evidence. I just think that's where we're at. And so while I don't think they're properly raised in a 91a context, I am simply denying them as premature because the Court has to consider evidence.

Are there any questions whatsoever regarding the Court's ruling related to the TTCA and the sovereign immunity arguments, Counsel for Dr. Cooper?

MS. CORBO: No, Your Honor.

THE COURT: Counsel for --

MS. SMITH: No, Your Honor.

THE COURT: All right. Because I think that we need to make the clarification in the order, I was able with Dr. Lau's, which doesn't contain those arguments, just to sign a simple order that says Rule 91a is denied, and I sent that on to the clerk's office. Because I think Dr. Cooper's order needs to be more nuanced, I'm going to ask you to prepare a draft, provide it to opposing counsel, and then get it to me to

sign because I want it to be clear from its face that I'm finding that it's premature for the Court to consider the TTCA and the sovereign immunity arguments. Okay? Anybody have any questions about that?

MS. SMITH: No.

THE COURT: I would encourage everybody, some of the cases that are on this topic talk as well about what the relevant discovery is. So, for example, you know, the billing records are relevant, who actually paid -- who received the payment for the treatment, was it UT Southwestern, was it Children's, and so I would say some of these cases are likely very helpful for the parties to be able to tailor, in addition to the employment agreement. I don't think that's the sum total of what courts have looked to on the legal right to control, and so y'all might drill down on those cases so that you can ascertain and perhaps, again, since we've been discussing discovery issues today, whether or not there is a way for us to get in this roll one the copy of the employment agreement, billing records related to the treatment, and who received payment. And again, I think that's in your -- both parties' best interest, so y'all might want to kind of drill down on that piece.

MS. CORBO: Your Honor, just to clarify,

# EXHIBIT C

CAUSE NO. 2018CI18541

| CHARLES ROBISON | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| v. | § | 57th JUDICIAL DISTRICT |
| | § | |
| CHRISTIAN STALLWORTH, M.D. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT, CHRISTIAN STALLWORTH, M.D.'S MOTION FOR SUMMARY JUDGMENT AND TO DISMISS PURSUANT TO TEXAS CIVIL PRACTICE & REMEDIES CODE § 101.106(f)

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHRISTIAN STALLWORTH, M.D., Defendant herein, and files this Motion for Summary Judgment and to Dismiss Pursuant to Texas Civil Practice & Remedies Code Section 101.106(f), and in support thereof, would respectfully show unto the Court as follows:

## I.
## BACKGROUND

1. This cause is a health-care-liability claim set for trial beginning October 5, 2020. As set forth in Plaintiff's Second Amended Original Petition filed September 25, 2019, Plaintiff, CHARLES ROBISON ("Robison") brings claims for medical negligence and lack of informed consent.

2. Plaintiff alleges that on January 4, 2018, Defendant, CHRISTIAN STALLWORTH ("Dr. Stallworth") was negligent for performing surgery on Robison that was not medically indicated consisting of tonsillectomy and uvulopalatopharyngoplasty for treatment of obstructive sleep apnea and recurrent sinus infections. Robison, a professional entertainer and recording artist, also alleges that Dr. Stallworth's failure to inform him prior to surgery of the associated risks of dysphonia (impairment or change in

App. 36

voice quality that affects the ability to speak or sing) and dysphagia (difficulty swallowing) has proximately caused him injury and specifically that he is unable to sing and experiences difficulty swallowing foods and liquids. Plaintiff claims he can no longer work as a professional entertainer and recording artist because of those complications and seeks to recover at least $2,035,370.00 in lost earnings and lost earning capacity.

II.
BASIS OF MOTION

3.      Dr. Stallworth moves this Court to enter a judgment that Plaintiff take nothing by his claims or causes of action against him, or in the alternative an order of dismissal of this suit, because Plaintiff's allegations are based on conduct within the scope of Dr. Stallworth's employment with the University of Texas Health Science Center at San Antonio (UT) and could have been brought against that governmental unit under the Texas Tort Claims Act, Texas Civil Practice & Remedies Code Sections 101.021, *et seq.* The uncontroverted evidence proves Plaintiff brought suit against Dr. Stallworth based on conduct in the scope of his employment with the University of Texas Health Science Center at San Antonio, a governmental unit, and therefore Dr. Stallworth cannot be sued in his individual capacity because he is immune from suit.

III.
MOTION TO DISMISS PURSUANT TO TEXAS CIVIL PRACTICE & REMEDIES CODE
§ 101.106(f)

A.      Tort Claims Act

4.      A defendant is entitled to dismissal upon proof that the plaintiff's suit is (1) based on conduct within the scope of the defendant's employment with a governmental unit; and (2) could have been brought against the governmental unit under the Tort Claims

Act. Tex. Civ. Prac. & Rem. Code § 101.106(f); *see Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011); *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The statute states:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee <u>shall</u> be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(f) (emphasis added).

5. Dr. Stallworth moves the Court to enter an order of dismissal of Plaintiff's health-care liability claim pursuant Texas Civil Practice & Remedies Code Section 101.106(f) because (1) it is based on conduct within the scope of Dr. Stallworth's employment with UT; and (2) Plaintiff could have brought suit against UT.

B. <u>Employee of Governmental Unit</u>

6. On January 4, 2018 and at all times relevant to this suit, Dr. Stallworth was a clinical associate professor and employed physician of the University of Texas Health Science Center at San Antonio. (Exhibit "A.") The University of Texas Health Science Center at San Antonio, now called UT Health San Antonio, is a governmental unit as it is a component institution of The University of Texas System under the management and control of the board of regents of The University of Texas System. Tex. Educ. Code § 74.151.[1]

7. The uncontroverted evidence establishes that Dr. Stallworth was employed

---

1 A brief history of UT Health San Antonio is summarized on its website at
https://www.uthscsa.edu/university/office-president.

as a physician and clinical associate professor at UT by the Board of Regents of the University of Texas System, effective September 27, 2017. (Exhibit "A.") As an employed physician and clinical associate professor of Facial Plastic and Reconstructive Surgery with the Department of Otolaryngology–Head and Neck Surgery at UT, Dr. Stallworth was paid a salary and fringe benefits by UT and assigned with the duty to perform head and neck surgery at University Hospital, educate UT medical students and residents, train and supervise head-and-neck surgery residents with their clinical duties and patient care activities at University Hospital, and provide on-call coverage for trauma patients at University Hospital. *Id.* Under the terms of his employment, Dr. Stallworth was required to devote not less than 75 percent of his professional time as a physician to such duties and responsibilities. In addition, Dr. Stallworth was subject to the provisions of the Rules and Regulations of the Board of Regents, Regental and UT System policies, and the rules and regulations of UT, including policies requiring the disclosure of risks and hazards of surgery. *Id.*

C.     Conduct within Scope of Employment

8.     "Scope of employment" under the Tort Claims Act is defined as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5). The uncontroverted evidence establishes that Dr. Stallworth was working in the scope of his employment with UT when he performed the January 4, 2018 surgery at University Hospital. (Exhibit "A.") University Hospital is a public teaching hospital owned and operated by the Bexar County

Health District, doing business as the University Health System [2] *See Franka v. Velasquez*, 332 S.W.3d 367, 369-70 (Tex. 2011). University Hospital is staffed with medical faculty, residents, and students of the University of Texas Health Science Center. *See Murk v. Scheele*, 120 S.W.3d 865, 866 (Tex. 2003). In performing the January 4, 2018 surgery, Dr. Stallworth fulfilled his duties as obligations within the scope of his employment as a physician with UT. (Exhibit "A.")

9.     Dr. Stallworth was not merely Robison's attending surgeon at University Hospital, but also acting in his capacity as clinical associate professor of UT's Department of Otolaryngology–Head and Neck Surgery insofar as he trained and supervised Raymond J. Brown, M.D., Chukwuemeka C. Runyon, M.D., and Philip D. Heichel, M.D.—all of whom were surgical residents at UT—in the medical care and treatment they rendered to Robison, pursuant to Dr. Stallworth's duties and responsibilities of employment with UT. (Exhibit "A.") More specifically, Dr. Stallworth provided clinical instruction to Dr. Brown regarding the various procedures performed during the January 4, 2018 surgery, supervised Dr. Brown's care and treatment, and reviewed and approved Dr. Brown's documentation. (Exhibit "A.") Further, Dr. Stallworth supervised Dr. Runyon and Dr. Heichel in the medical care and treatment they rendered to Robison and reviewed and approved their documentation. *Id.* Had Dr. Stallworth determined any reason to do so, he would have counseled the residents to improve their clinical treatment and/or documentation. *Id.*

10.     It should be noted that nothing in Tort Claims Act, including the statutory definition of "scope of employment," suggests subjective intent is a necessary component

---

[2] The history of University Hospital is summarized on the University Health System website at https://www.universityhealthsystem.com/about-us/history.

of the scope-of-employment analysis. *Laverie v. Wetherbe*, 517 S.W.3d 748, 752-53 (Tex. 2017). Rather, the Tort Claims Act focuses on "performance…of the duties of an employee's office or employment," which calls for an objective assessment of whether the employee was doing his job when he committed an alleged tort, not his state of mind when she was doing it. TEX. CIV. PRAC. & REM. CODE § 101.001(5); *Laverie*, 517 S.W.3d at 752-53. The scope-of-employment analysis involves the objective determination of a connection between the employee's job duties and the alleged tortious conduct, regardless of whether the employee performs negligently or is motivated by ulterior motives or personal animus, so long as the conduct itself was pursuant to her job responsibilities. *Laverie*, 517 S.W.3d at 752-53.

D.      Suit against Governmental Unit

11.      Having established that Dr. Stallworth's medical care and treatment of Robison was performed within the scope of his employment with a governmental unit, the sole remaining question is whether Robison's tort claim could have been brought against the governmental unit under the Tort Claims Act. TEX. CIV. PRAC. & REM. CODE § 101.106(f); *see Franka v. Velasquez*, 332 S.W.3d at 381 (Tex. 2011). As noted, Plaintiff alleges Dr. Stallworth was negligent for performing surgery on Robison that was not medically indicated and failing to inform Robison prior to surgery of the associated risks. Therefore, Plaintiff's is a health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13).

12.      The Texas Supreme Court has held, "[A]ll tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Mission Consol.*

*Indep. School Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008). In *Mission*, the Texas Supreme Court noted, "[W]e have never interpreted 'under this chapter' to only encompass tort claims for which the Tort Claims Act waives immunity." *Id.* As the Texas Supreme Court subsequently held, "a defendant is entitled to dismissal upon proof merely that the plaintiff's suit is (1) based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the Tort Claims Act. *Laverie*, 517 S.W.3d at 752-53. Thus, any tort theory alleged against a governmental employee who was acting in the general course and scope of his employment with the governmental unit at the time of the alleged negligent conduct must be dismissed pursuant to Texas Civil Practice & Remedies Code Section 101.106(f). *Id.*

13.     The Texas Supreme Court made clear in *Mission* that in drafting Section 101.106(f), the Texas Legislature intended to shift the risk of liability and lawsuit for the performance of governmental work from the governmental employee to the governmental unit, so that the entity bears the risk, and not its employees. *See Mission Consol. Indep. School Dist.*, 253 S.W.3d 657. Therefore, Section 101.106(f) requires mandatory dismissal of Dr. Stallworth within thirty (30) days of this filing of this motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f).

IV.
<u>TRADITIONAL SUMMARY JUDGMENT</u>

14.     The movant for traditional summary judgment must show (a) there is no genuine issue of material fact; and (b) the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018). The burden of proof shifts to the nonmovant after the movant has established that

he is entitled to summary judgment as a matter of law. *Chavez v. Kansas City S. Ry.*, 520 S.W.3d 898, 900 (Tex. 2017). Once the movant has established that he is entitled to summary judgment as a matter of law, the nonmovant must produce summary-judgment evidence to raise a fact issue. *Amedisys, Inc. v. Kingwood Home Health Care, L.L.C.*, 437 S.W.3d 507, 511 (Tex. 2014).

16.    Pursuant to Rule 166(a)(d) of the Texas Rules of Civil Procedure and the holdings expressed by the Texas Supreme Court in *McConathy v. McConathy*, 869 S.W.2d 341, 342 n. 2 (Tex. 1993) and *Wilson v. Buford*, 904 S.W.2d 628, 629 (Tex. 1995), Dr. Stallworth intends to reply on the following discovery products not on file with the Court:

- Exhibit "A" – Affidavit of Christian L. Stallworth, M.D. (April 14, 2021);
- Exhibit "B" – UT Health San Antonio Memorandum of Appointment; and
- Exhibit "C" – Form W-2.

17.    For purposes of this motion for summary judgment, Dr. Stallworth incorporates the foregoing paragraphs 6 through 10, above. The uncontroverted summary-judgment evidence in this case establishes that Robison's claims are based on Dr. Stallworth's conduct within the scope of his employment with a governmental unit, UT, and could have been brought against UT. Therefore, Dr. Stallworth is immune from suit. TEX. CIV. PRAC. & REM. CODE § 101.106(f); *see Franka*, 332 S.W.3d at 369; *Anderson*, 365 S.W.3d at 124.

18.    Sovereign immunity shields a state from suit unless it expressly consents to being sued. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). "A suit against government employees in their official capacities is, in all respects, a suit against

the State; thus employees sued in their official capacities are shielded by sovereign immunity." *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.). Immunity from suit deprives a trial court of subject-matter jurisdiction over the governmental agency, even if liability is undisputed. *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002). Therefore, Dr. Stallworth is entitled to judgment as a matter of law.

## IV.
## CONCLUSION

19.     The plain language of Texas Civil Practice & Remedies Code Section 101.106(f) mandates dismissal of claims against a governmental employee when the employee was acting in the scope of his employment with the governmental entity at the time of the alleged occurrence of negligence. In other words, if a governmental employee is sued for some action performed while doing the job for which he was hired, dismissal of the suit against the governmental employee is appropriate. Because the uncontroverted evidence establishes that Dr. Stallworth was an employee of UT at the time he provided medical and health care treatment to Robison, Section 101.106(f) mandates that Dr. Stallworth is immune from Plaintiff's suit and the claims against him must be dismissed.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, CHRISTIAN L. STALLWORTH, M.D., respectfully requests that this Court grant his Motion for Summary Judgment and to Dismiss Pursuant to Texas Civil Practice & Remedies Code § 101.106(f) and either enter an order of dismissal or judgment that Plaintiff take nothing by way of his

claims and causes of action against Dr. Stallworth, and for such other and further relief, both at law and in equity, to which Defendant may show to be justly entitled.

Respectfully submitted,

/s/ Matthew M. Edwards
MATTHEW M. EDWARDS
State Bar No. 24032034
NICKI K. ELGIE
State Bar No. 24069670
EVANS, ROWE & HOLBROOK, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216
Direct Line:   (210) 348-3271
Facsimile:    (210) 340-6664
Email:        bbrowe@evans-rowe.com
Email:        medwards@evans-rowe.com
**ATTORNEYS FOR DEFENDANT,**
**CHRISTIAN STALLWORTH, M.D.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served in accordance with the Texas Rules of Civil Procedure on this 14th day of April 2021:

by eService to:

Beth S. Janicek
JANICEK LAW FIRM, PC
1100 NE Loop 410, Suite 550
San Antonio, Texas 78209
Facsimile:    (210) 979-6804
Email:        beth@janiceklaw.com
*Attorneys for Plaintiff*

/s/ Matthew M. Edwards
MATTHEW M. EDWARDS

## AFFIDAVIT OF CHRISTIAN L. STALLWORTH, M.D.

STATE OF TEXAS            §
                          §
COUNTY OF BEXAR           §


BEFORE ME, the undersigned notary public for the State of Texas, appeared CHRISTIAN L. STALLWORTH, M.D., known to me to be the person whose name is subscribed to the foregoing instrument, who, after being duly sworn and deposed, stated as follows:

1.      My name is Christian L. Stallworth, M.D. I am over the age of eighteen (18) years; have never been convicted of a felony; and am otherwise competent to testify under oath. The facts stated in this affidavit are true and correct and based on my personal knowledge.

2.      I am licensed to practice medicine in Texas. I graduated from the University of Texas Health Science Center at San Antonio (UTHSCSA) School of Medicine in 2004. I performed an internship in General Surgery at UTHSCSA in 2004-05 followed by a residency in Otolaryngology – Head and Neck Surgery with the Department of Otolaryngology at UTHSCSA in 2005-09. I was fellowship-trained under Dr. Tom Wang and Dr. Ted Cook with the Division of Facial Plastic and Reconstructive Surgery at the Oregon Health & Science University in Portland, Oregon from 2009-10. I am board-certified by the American Board of Otolaryngology and the American Board of Facial Plastic and Reconstructive Surgery.

3.      I am the defendant in the lawsuit filed by Charles Robison, Cause Number 2018-CI-18541 in the 57th Judicial District Court of Bexar County, Texas. My care and treatment of Mr. Robison met the applicable standards of care in all aspects. No negligent act or omission on my part caused injury, harm, or damages to Mr. Robison.

4.      Charles Robison (DOB 9/1/64) is my former patient. He initially presented to me on November 8, 2017 and I treated him for tonsillar hypertrophy, obstructive sleep apnea, nasal airway obstruction, nasal septal deviation, and related complaints. On January 4, 2018, I performed the following procedures on Mr. Robison at University Hospital in San Antonio:
- Septoplasty.
- Repair of nasal vestibular stenosis with bilateral batten graft placement.
- Bilateral endoscopic sinus surgery with maxillary antrostomies and removal of tissue.
- Uvulopalatopharyngoplasty (UPPP) with tonsillectomy.
- Bilateral inferior turbinate submucous resection and outfracture.

University Hospital a public teaching hospital owned and operated by the Bexar County Health District, doing business as the University Health System. University Hospital is staffed with medical faculty, residents, and students of UTHSCSA.

5. In 2010 I was hired by UTHSCSA (now known as "UT Health San Antonio") as a professor of Facial Plastic and Reconstructive Surgery with the Department of Otolaryngology – Head and Neck Surgery. I have remained employed as a professor by UTHSCSA through the present. A copy of my UT Health San Antonio physician biography can be found by performing a Google search of my full name, and can be viewed at https://www.uthscsa.edu/patient-care/physicians/providers/1346424835/Christian-Stallworth.

6. At all times while Charles Robison was my patient, I was an employee of UTHSCSA, including on January 4, 2018, the day of the surgery in question. I have read the attached Exhibit "B." It is a true and correct copy of the Memorandum of Appointment I executed on or about October 10, 2017, accepting employment by UTHSCSA as clinical associate professor for the 2017-2018 fiscal year. I have read the attached Exhibit "C." It is a true and correct copy of the Form W-2 issued to me by UTHSCSA for 2018.

7. Pursuant to the terms of my appointment and employment with UTHSCSA, at all times while Charles Robison was my patient, and continuing through the present, UTHSCSA has paid me an employee salary and made employer contributions to my health and disability insurance coverage through the Texas Employees Group Benefits Program. Through my employment with UTHSCSA, and in addition to the foregoing employment benefits, I have participated in the Optional Retirement Program administered by Texas public institutions of higher education. In exchange for the foregoing consideration, my appointment for the 2017-2018 fiscal year required me to devote not less than 75 percent of my professional time as a physician and clinical associate professor at UTHSCSA, which work included but was not limited to: giving didactic lectures to medical students at UTHSCSA; performing head and neck surgery on patients at University Hospital; clinical instruction and supervision of surgery residents caring for head and neck surgery patients at University Hospital; and taking weekly call from the Emergency Department at University Hospital for facial trauma cases. I estimate that during the 2017-2018 fiscal year, I performed my job responsibilities pursuant to the terms of my appointment as clinical associate professor at UTHSCSA for four to five days per week.

8. Pursuant to the terms of my appointment and employment as a physician-employee and clinical associate professor with UTHSCSA, and at all times while Charles Robison was my patient and continuing through the present, I was subject to the provisions of the Rules and Regulations of the Board of Regents, Regental and UT System policies, and the rules and regulations of UT. In addition, in the exercise of my clinical judgment in providing medical and surgical care to patients at University Hospital, I was subject to the medical staff policies of

2

University Hospital/University Health System, including but not limited to Policy 5.09, "Verification for Surgical or Nonsurgical Invasive Procedures."

9. I was in the scope of my employment with UTHSCA as a physician and clinical associate professor when I provided medical care and treatment to Charles Robison at University Hospital on January 4-6, 2018. I was the attending surgeon for Charles Robison on the dates in question. I met with Charles Robison prior to surgery on January 4, 2018 and discussed with him the risks and hazards of each procedure to be performed, as required by University Hospital policy. Pursuant to the terms of my appointment and employment as a physician-employee and clinical associate professor with UTHSCSA, I performed both surgery and clinical instruction and supervision of physicians enrolled in the Otolaryngology – Head and Neck residency program at UTHSCSA. In this case and all such similar cases, the purpose of such clinical instruction and supervision was to train residents enrolled in the UTHSCSA program to perform surgery and care for the patient in the pre- and post-operative phases of treatment, and to fulfill the purpose of the program—to develop physicians with a contemporary knowledge of the evaluation, diagnosis, and management of disorders of the ear, nose, and throat.

10. During my care and treatment of Charles Robison at University Hospital on January 4, 2018, I supervised UTHSCSA surgical resident Raymond Brown, M.D. in the medical care and treatment provided to Charles Robison, including conferring with Dr. Brown regarding the patient's diagnosis and plan of care and supervising him as the first assistant surgeon. During the January 4, 2018 surgery, I provided clinical instruction to Dr. Brown regarding the various procedures performed listed in paragraph 4, above, and the surgical techniques used. I also reviewed and approved Dr. Brown's documentation of his initial examination of the patient in the January 4, 2018 ENT Admit History & Physical and ENT Post-Operative Note. Had I determined any reason to do so after reviewing Dr. Brown's documentation, I would have counseled him to improve his clinical treatment and/or documentation.

11. During my care and treatment of Charles Robison at University Hospital on January 5, 2018, I supervised UTHSCSA surgical resident Chukwuemeka C. Runyon, M.D. in the medical care and treatment provided to Charles Robison, including conferring with Dr. Runyon regarding his assessment and plan of care for the patient. I also reviewed and approved Dr. Runyon's documentation of his January 5, 2018 progress note. Had I determined any reason to do so after reviewing Dr. Runyon's documentation, I would have counseled him to improve his clinical treatment and/or documentation.

12. During my care and treatment of Charles Robison at University Hospital on January 6, 2018, I supervised UTHSCSA surgical resident Philip D. Heichel, M.D. in the medical care and treatment provided to Charles Robison, including conferring with Dr. Heichel regarding his assessment and plan of care for the patient. I also reviewed and approved Dr. Heichel's January 6, 2018 discharge

3

summary. Had I determined any reason to do so after reviewing Dr. Heichel's documentation, I would have counseled him to improve his clinical treatment and/or documentation.

13. In performing the January 4, 2018 on Charles Robison and supervising the surgical residents involved in his care during the January 4-6, 2018 admission to University Hospital, I fulfilled my duties as obligations within the scope of my employment as a physician and clinical assistant professor with UTHSCSA.

FURTHER, AFFIANT SAYETH NOT.

_____
CHRISTIAN L. STALLWORTH, M.D.

SUBSCRIBED AND SWORN TO BEFORE ME on this 14th day of April, 2021, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

ELSA MARIE DE LA ROSA GARZA
Notary Public, State of Texas
Comm. Expires 06-21-2023
Notary ID 132060552

4



**UT Health San Antonio**
7703 Floyd Curl Drive
San Antonio, Texas 78229-3900

Christian Stallworth                                                                                    September 27, 2017
Oto-Hns

**MEMORANDUM OF APPOINTMENT, 2017-2018 Fiscal Year**

The Board of Regents of The University of Texas System has authorized your appointment to the following position(s) at the University of Texas Health Science Center at San Antonio.

| Administrative/Academic Title/Department | Percent Time | Appointment Period | Compensation | |
|---|---|---|---|---|
| Clinical Associate Professor | 75 | 09/01/17 | $174,749 | Regular |
| Oto-Hns | | 08/31/18 | $0 | Augmentation |
| | | | **$174,749** | **Total Compensation** |
| **Total HSC Appointment** | **75** | | **$174,749** | **Total HSC Compensation All Positions** |

Academic Home: Oto-Hns
Tenure Status: NON TENURE TRACK

This appointment is subject to the provisions of the Rules and Regulations of the Board of Regents of The University of Texas System, Regental and U.T. System Policies, the rules and regulations of the University, and applicable state and federal laws and regulations.

The total compensation is the gross amount for the indicated budget period only and is subject to deductions required by state and federal law and, if permitted by law, other deductions that you may authorize. You also will receive employee benefits as may be authorized by applicable laws, and may also receive employee benefits as authorized by the bylaws of your school's practice plan. The obligation for payment of all or any portion of the compensation that is payable from contracts, grants, gifts, bequests, or endowments is dependent upon receipt of those funds. Total compensation for faculty appointments represents core salary defined as base salary (X) plus specialty-associated salary (Y) in accordance with the Institutional XYZ Faculty Compensation Plan. Adjustments to clinical compensation may be made as authorized by the bylaws of your school's practice plan. In the event that any amount of your compensation received from the Audie L. Murphy Memorial Veterans Hospital increases, the University reserves the right to adjust the amount of compensation from university sources. The stated compensation may be increased or decreased in subsequent budget periods upon the basis of your performance of assigned duties and responsibilities. Incremental pay (Z) may be awarded during the budget period based on the attainment of goals as set forth by applicable incentive compensation plans established by your department head and/or Executive Committee member.

Appointments for non-tenure track faculty will terminate without prior notice at the end of the stated period. Each school has its own procedures for appointments and reappointments of non-tenure track faculty, subject to the provisions stated above. Please refer to the attached addendum for the applicable guidance regarding appointments and reappointments in your school. Administrative appointments are without term and subject to termination at the pleasure of the President. Compensation for administrative duties will terminate with the termination of the administrative appointment.

Please indicate acceptance of this appointment by signing and dating this Memorandum in the space indicated below and return it to the Department of Oto-Hns by November 1, 2017 in order that your name may be placed on the payroll for the next fiscal year. A revised memorandum will be sent if there is a material change in your status during the indicated period.

_____      _____
For the Department            William L. Henrich, M.D., M.A.C.P., President

I accept this appointment _____

Date: _____ 10/10/2017 _____

Form **W-2 Wage and Tax Statement** 2018

| | |
|---|---|
| **7** Social security tips | **1** Wages, tips, other compensation 230188.60 | **2** Federal income tax withheld 40802.20 |

**c** Employer's name, address, and ZIP code
UT HEALTH SCIENCE CENTER
7703 FLOYD CURL DRIVE
SAN ANTONIO TX 78229

**8** Allocated tips — **3** Social security wages 128400.00 — **4** Social security tax withheld 7960.80

**9** Verification code — **5** Medicare wages and tips 241809.40 — **6** Medicare tax withheld 3882.52

**10** Dependent care benefits — **11** Nonqualified plans — **12a** See instructions for box 12 DD 19404.60

**e** Employee's name, address, and ZIP code
CHRISTIAN L STALLWORTH
18423 GOLDEN MAIZE
SAN ANTONIO TX 78258-0000

**13** Statutory employee / Retirement plan [X] / Third-party sick pay — **14** Other — **12b**

**b** Employer identification number (EIN) 74-1586031 — **12c**

**a** Employee's social security number REDACTED — **12d**

| **15** State | Employer's state ID number | **16** State wages, tips, etc. | **17** State income tax | **18** Local wages, tips, etc. | **19** Local income tax | **20** Locality name |
|---|---|---|---|---|---|---|

**Copy B–To Be Filed With Employee's FEDERAL Tax Return** — This information is being furnished to the Internal Revenue Service. OMB No. 1545-0008 — **Dept. of the Treasury – IRS** Visit the IRS website at www.irs.gov/efile.

---

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

Form **W-2 Wage and Tax Statement** 2018

**7** Social security tips — **1** Wages, tips, other compensation 230188.60 — **2** Federal income tax withheld 40802.20

**c** Employer's name, address, and ZIP code
UT HEALTH SCIENCE CENTER
7703 FLOYD CURL DRIVE
SAN ANTONIO TX 78229

**8** Allocated tips — **3** Social security wages 128400.00 — **4** Social security tax withheld 7960.80

**9** Verification code — **5** Medicare wages and tips 241809.40 — **6** Medicare tax withheld 3882.52

**10** Dependent care benefits — **11** Nonqualified plans — **12a** See instructions for box 12 DD 19404.60

**e** Employee's name, address, and ZIP code
CHRISTIAN L STALLWORTH
18423 GOLDEN MAIZE
SAN ANTONIO TX 78258-0000

**13** Statutory employee / Retirement plan [X] / Third-party sick pay — **14** Other — **12b**

**b** Employer identification number (EIN) 74-1586031 — **12c**

**a** Employee's social security number REDACTED — **12d**

| **15** State | Employer's state ID number | **16** State wages, tips, etc. | **17** State income tax | **18** Local wages, tips, etc. | **19** Local income tax | **20** Locality name |
|---|---|---|---|---|---|---|

**Copy C–For EMPLOYEE'S RECORDS (See *Notice to Employee* on the back of Copy B.)** — OMB No. 1545-0008 — **Dept. of the Treasury – IRS** Visit the IRS website at www.irs.gov/efile.

---

Form **W-2 Wage and Tax Statement** 2018

**7** Social security tips — **1** Wages, tips, other compensation 230188.60 — **2** Federal income tax withheld 40802.20

**c** Employer's name, address, and ZIP code
UT HEALTH SCIENCE CENTER
7703 FLOYD CURL DRIVE
SAN ANTONIO TX 78229

**8** Allocated tips — **3** Social security wages 128400.00 — **4** Social security tax withheld 7960.80

**9** Verification code — **5** Medicare wages and tips 241809.40 — **6** Medicare tax withheld 3882.52

**10** Dependent care benefits — **11** Nonqualified plans — **12a** DD 19404.60

**e** Employee's name, address, and ZIP code
CHRISTIAN L STALLWORTH
18423 GOLDEN MAIZE
SAN ANTONIO TX 78258-0000

**13** Statutory employee / Retirement plan [X] / Third-party sick pay — **14** Other — **12b**

**b** Employer identification number (EIN) 74-1586031 — **12c**

**a** Employee's social security number REDACTED — **12d**

| **15** State | Employer's state ID number | **16** State wages, tips, etc. | **17** State income tax | **18** Local wages, tips, etc. | **19** Local income tax | **20** Locality name |
|---|---|---|---|---|---|---|

**Copy 2–To Be Filed With Employee's State, City, or Local Income Tax Return** — OMB No. 1545-0008 — **Dept. of the Treasury – IRS**

---

Form **W-2 Wage and Tax Statement** 2018

**7** Social security tips — **1** Wages, tips, other compensation 230188.60 — **2** Federal income tax withheld 40802.20

**c** Employer's name, address, and ZIP code
UT HEALTH SCIENCE CENTER
7703 FLOYD CURL DRIVE
SAN ANTONIO TX 78229

**8** Allocated tips — **3** Social security wages 128400.00 — **4** Social security tax withheld 7960.80

**9** Verification code — **5** Medicare wages and tips 241809.40 — **6** Medicare tax withheld 3882.52

**10** Dependent care benefits — **11** Nonqualified plans — **12a** DD 19404.60

**e** Employee's name, address, and ZIP code
CHRISTIAN L STALLWORTH
18423 GOLDEN MAIZE
SAN ANTONIO TX 78258-0000

**13** Statutory employee / Retirement plan [X] / Third-party sick pay — **14** Other — **12b**

**b** Employer identification number (EIN) 74-1586031 — **12c**

**a** Employee's social security number REDACTED — **12d**

| **15** State | Employer's state ID number | **16** State wages, tips, etc. | **17** State income tax | **18** Local wages, tips, etc. | **19** Local income tax | **20** Locality name |
|---|---|---|---|---|---|---|

**Copy 2–To Be Filed With Employee's State, City, or Local Income Tax Return** — OMB No. 1545-0008 — **Dept. of the Treasury – IRS**

FORM # LW2B7700

App. 52

# EXHIBIT D

Docusign Envelope ID: E315FD76-3263-4F60-9750-01DCCD06D38C



**UT Southwestern**
Medical Center

August 1, 2024

M Brett Cooper, M.D.

**MEMORANDUM OF APPOINTMENT, 2024-2025 Fiscal Year**

The University of Texas Southwestern Medical Center has recommended to the Board of Regents of The University of Texas System that you be reappointed to the following position:

| | |
|---|---|
| **PRIMARY ACADEMIC TITLE:** | Associate Professor |
| **ACADEMIC TRACK:** | Clinician-Educator |
| **TENURE STATUS:** | Nontenured |
| **PRIMARY APPOINTMENT:** | Pediatrics - Medical School |
| **PERIOD OF APPOINTMENT:** | 09/01/2024 - 08/31/2025 |
| **PERCENT TIME:** | 100% |
| **MONTHS:** | 12 |
| **BASE SALARY:** | $70,000 |
| **SUPPLEMENTAL SALARY*:** | $114,400 |
| **TOTAL SALARY:** | $184,400 |

This appointment is subject to the provisions of the Rules and Regulations of the Board of Regents of The University of Texas System, Regental and UT System policies, the policies and procedures of UT Southwestern, and applicable state and federal law, and is further contingent upon the decision of the Board of Regents of The University of Texas System to approve your position at their next scheduled meeting on August 22, 2024. This amount represents your salary for the period of appointment only and is subject to deductions as required by state and federal law and, if permitted by law, such other deductions as you may authorize. Where the source of funds for all or part of the salary is from contracts, grants, gifts, practice plan income, bequests, or endowments, the obligation of the institution with respect to payment thereof is subject to the receipt of such funds.

Your appointment extends through the end of the stated period. Appointment for an additional period is at the discretion of the University. A revised Memorandum will be sent if there is a change in your status during the period of appointment.

Please indicate your acceptance of this appointment by signing and dating this Memorandum either electronically or by wet signature in the space indicated below. The Memorandum will route automatically to  if signed electronically. If you execute the Memorandum by wet signature, return it to your Department Chair or Center Director by August 15, 2024, in order that your name may be placed on the payroll for this fiscal year. Your signature also affirms the following: (1) your renewed agreement to the MSRDP By-laws, including that all professional fees be assigned to the UT Southwestern trust fund; (2) your understanding that compliance with all federal and state laws, regulations, and requirements for documentation by teaching physicians/practitioners for billing third party payers, is the responsibility of the physician/practitioner; (3) your understanding that all research funds must be deposited in an account approved by UT Southwestern; and (4) that you have filed your annual financial statement with the Conflict of Interest Office.

Sincerely,

DocuSigned by:

*JBezerra*
DEB03D7B76C8472

Jorge A. Bezerra, M.D.
Professor & Chair
Department of Pediatrics

Daniel K. Podolsky, M.D.
President
UT Southwestern Medical Center

DocuSigned by:

I accept this appointment: *M. Brett Cooper, MD*
83D1614E125D4E2...

Date: 8/12/2024

Texas Medical License #: Q4928   Expiration Date: 08/31/2024

*Salary paid in excess of the base salary may rise and fall from year to year in recognition of changing duties, responsibilities, accomplishments, and productivity over and above the basic requirements of a faculty member at this rank.

UTSW - Cooper Production - 090

Docusign Envelope ID: E315FD76-3263-4F60-9750-01DCCD06D38C
**IMPORTANT NOTICE FOR PRACTICE PLAN FACULTY**

As a member of The University of Texas Southwestern Medical School Medical Services Research and Development Plan ("Plan"), you are hereby reminded that the Bylaws of the Plan require you to remit all fees for professional services to the Plan. Fees for professional services are defined by Bylaws Section 8.3 as:

### SECTION 8.3 SOURCES OF INCOME

8.3.1 Pursuant to the Member's Memorandum of Appointment and Agreement of Participation with the Institution for participation in the Plan, each Member shall assign all professional income (including any technical component) to the Institutional Trust Fund, including, but not limited to:

  A. Professional fees (and any other monies or material considerations provided in the context of medical services to patients) generated for all patient care services rendered by full-time faculty Members regardless of where rendered;
  B. Professional fees (and any other monies or material considerations provided in the context of medical services to patients) generated for all patient care services rendered by part-time faculty Members, if such fees are generated in connection with the Member's appointment;
  C. Fees for all court appearances, depositions, expert testimony, or legal consultations; and
  D. Gifts of cash or cash equivalents provided in the context of patient-care activities.

8.3.2 The following are not professional income and may be retained by the Member:

  A. Honoraria, defined as payments by entities outside The University of Texas System for occasional lectures and similar public appearances beyond normal academic responsibilities to the Institution, that are not in return for other services related to the Member's appointment to the faculty and that are in compliance with Section 36.07 of the Texas Penal Code, whether given directly or indirectly;
  B. Royalties, defined as shares or proceeds for contributions as authors or inventors, as permitted under The University of Texas System's copyright and patent policies;
  C. Payment for editing scientific publications;
  D. Prizes, defined as gifts in recognition of personal achievement and not for services rendered;
  E. Income from a profession or activity unrelated to the training and experience which is the individual's qualification for appointment to the faculty, as determined by the department chair in consultation with the President; and
  F. Tangible and non-tangible non-cash gifts, only as permitted by state law or The University of Texas System or Institution policy or rule.

8.3.3 Payments to Members from pharmaceutical, medical device, biotechnology, or related industries, as well as stipends for serving on boards of directors or advisory boards, shall be addressed in an Institutional policy governing such activities and the receipt of such payments. The policy also shall address conflicts of interest, conflicts of commitment with faculty responsibilities related to income from outside professional activities, and the maximum income that the Member can retain from outside professional activities. The policy must be approved by the Executive Vice Chancellor for Health Affairs.

8.3.4 Income may be accepted from voluntary and part-time faculty who are not Members of the Plan, at the discretion of the individual, upon the recommendation of the department chair, and approval of the President.

8.3.5 Other income not specifically described above shall be reported to the President or a designee, who shall determine whether such income will be considered professional income.

Your failure to remit all fees described in Bylaws Section 8.3.1 to the Plan will result in cancellation of your coverage under The University of Texas System Plan for Professional Medical Malpractice Self-Insurance.

The failure to comply with the above referenced bylaw provision or section of the Rules and Regulations of the Board of Regents shall be good cause for such disciplinary action as may be appropriate, including, but not limited to, restitution of funds with interest and termination of employment pursuant to Series 31008 of the Rules and Regulations of the Board of Regents.

I have read and understand: *M. Brett Cooper, MD*  Date: 8/12/2024

M Brett Cooper, M.D.
Department of Pediatrics

UTSW - Cooper Production - 091

DocuSign

## Certificate Of Completion

Envelope Id: E315FD7632634F60975001DCCD06D38C
Subject: FY25 Reappointment Letters
Source Envelope:
Document Pages: 2      Signatures: 2
Certificate Pages: 2      Initials: 0
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-06:00) Central Time (US & Canada)

Status: Completed

Envelope Originator:
Candace Lyken Djibo
5323 Harry Hines Blvd
Dallas, TX 75390
Candace.LykenDjibo@UTSouthwestern.edu
IP Address: 129.112.109.41

## Record Tracking

Status: Original
    7/31/2024 4:00:32 PM

Holder: Candace Lyken Djibo
    Candace.LykenDjibo@UTSouthwestern.edu

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| M. Brett Cooper, MD<br>Brett.Cooper@UTSouthwestern.edu<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>*M. Brett Cooper, MD*<br>83D1614E125D4E2...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 64.124.56.254<br>Signed using mobile | Sent: 8/1/2024 8:01:39 AM<br>Viewed: 8/2/2024 9:59:36 AM<br>Signed: 8/12/2024 8:00:39 AM |
| **Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Candace Lyken Djibo<br>candace.lykendjibo@utsouthwestern.edu<br>Program Coordinator<br>UT Southwestern Medical Center<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 8/12/2024 8:00:41 AM |
| **Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | | |
| Jennifer Johnson<br>jenniferh.johnson@utsouthwestern.edu<br>Hem/Onc Move Coordinator<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 8/12/2024 8:00:42 AM |
| **Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 8/1/2024 8:01:39 AM |
| Certified Delivered | Security Checked | 8/2/2024 9:59:36 AM |
| Signing Complete | Security Checked | 8/12/2024 8:00:39 AM |
| Completed | Security Checked | 8/12/2024 8:00:42 AM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100568837
Filing Code Description: Letter
Filing Description: Letter to Court re Plea
Status as of 5/8/2025 7:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Avishay Moshenberg | 24083532 | avi.moshenberg@lmbusinesslaw.com | 5/7/2025 4:35:50 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| David Walsh | | dwalsh@katxlaw.com | 5/7/2025 4:35:50 PM | SENT |
| Kimberly Gdula | | Kimberly.Gdula@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| karel macias | | karel.macias@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Brianna Krominga | | brianna.krominga@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Martin Cohick | | martin.cohick@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| David G. Shatto | | david.shatto@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Ian Bergstrom | | Ian.Bergstrom@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |
| Jackie Cooper | | Jackie.Cooper@cooperscully.com | 5/7/2025 4:35:50 PM | SENT |
| Cory Sutker | | Cory.Sutker@cooperscully.com | 5/7/2025 4:35:50 PM | SENT |
| Winston Office | | nonparty-patient-counsel@winston.com | 5/7/2025 4:35:50 PM | SENT |
| Delvary Turnipseed | | delvary.turnipseed@cooperscully.com | 5/7/2025 4:35:50 PM | SENT |
| Jervonne Newsome | | jnewsome@winston.com | 5/7/2025 4:35:50 PM | SENT |
| Thanh D.Nguyen | | tdnguyen@winston.com | 5/7/2025 4:35:50 PM | SENT |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100568837
Filing Code Description: Letter
Filing Description: Letter to Court re Plea
Status as of 5/8/2025 7:38 AM CST

Case Contacts

| Thanh D.Nguyen | | tdnguyen@winston.com | 5/7/2025 4:35:50 PM | SENT |
|---|---|---|---|---|
| William Logan | | wlogan@winston.com | 5/7/2025 4:35:50 PM | SENT |
| Docket South | | ecf_houston@winston.com | 5/7/2025 4:35:50 PM | SENT |
| Jonathan Hung | | JOHung@winston.com | 5/7/2025 4:35:50 PM | SENT |
| Nicholas Lawson | | Nick.Lawson@lmbusinesslaw.com | 5/7/2025 4:35:50 PM | SENT |
| Anika  Holland | | AHolland@willkie.com | 5/7/2025 4:35:50 PM | SENT |
| Simona Agnolucci | | sagnolucci@willkie.com | 5/7/2025 4:35:50 PM | SENT |
| Barrington Dyer | | bdyer@willkie.com | 5/7/2025 4:35:50 PM | SENT |
| Zoe Packman | | zpackman@willkie.com | 5/7/2025 4:35:50 PM | SENT |
| Emma Rodriguez | | erodriguez@willkie.com | 5/7/2025 4:35:50 PM | SENT |
| Isabella Corbo | | icorbo@willkie.com | 5/7/2025 4:35:50 PM | SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 5/7/2025 4:35:50 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 5/7/2025 4:35:50 PM | SENT |

# Appendix Tab 6

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 493RD JUDICIAL DISTRICT COURT |
| | § | |
| MAY C. LAU, M.D., | § | |
| | § | |
| *Defendant.* | § | COLLIN COUNTY, TEXAS |

**ORDER ON THE STATE OF TEXAS' MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND DR. LAU'S MOTION FOR RECONSIDERATION OF ORDER TO COMPEL DOCUMENTS RESPONSIVE TO THE STATE'S REQUEST FOR PRODUCTION NO. 27**

Before the court is Plaintiff the State of Texas' Motion and Supplemental Motion to Compel Defendant's Discovery Responses and Defendant May C. Lau, M.D.'s Motion for Reconsideration of Order to Compel Documents Responsive to State's Request for Production No. 27. After reviewing the pleadings and hearing the arguments presented by both parties, the court orders as follows:

1.  Requests for Production Nos. 1 – 21:

The Court orders that Defendant confirm whether she has any documents responsive to Requests for Production Nos. 1 to 21 in her possession, and to provide Plaintiff either (a) those documents, or (b) a privilege log generally describing documents that are responsive but which have not been produced to Plaintiff. Defendant is ordered to provide the log to Plaintiff by, on or before 1:15 p.m. on April 22, 2025.

The Court orders that Defendant provide any responsive documents in her possession, which pertain to UT Southwestern or its patients, that are responsive to requests for production 1-21, to non-parties UT Southwestern Medical Center and Children's Health by April 18, 2025, and

UT Southwestern Medical Center and Children's Health are ordered to provide its instructions to Defendant regarding the production of such documents by 1:15 p.m. on April 22, 2025.

2. Request for Production Nos. 23, 28:

The Court orders that Defendant provide any responsive documents in her possession, which pertain to UT Southwestern or its patients, that are responsive to any request for production including but not limited to requests 23 and 28, to non-parties UT Southwestern Medical Center and Children's Health by April 18, 2025, and UT Southwestern Medical Center and Children's Health are ordered to provide its instructions to Defendant regarding the production of such documents by 1:15 p.m. on April 22, 2025.

3. Request for Production No. 25:

The Court orders that Defendant produce a biography or resume of Defendant to Plaintiff by 1:15 p.m. on April 22, 2025.

4. Request for Production No. 26:

The Court orders that Defendant supplement her response within seven (7) business days of receiving Roll 1 documents from Children's Health and UT Southwestern.

5. Request for Production No. 27:

The Court grants Defendant's Motion for Reconsideration of the Court's prior order with regard to communications had by herself and/or her counsel of record with the staff of the 493rd Judicial District Court and third-party vendors acting on behalf of her counsel, and grants Defendant's Motion for Reconsideration with regard to communications by Defendant and/or her counsel of record as it relates to the pursuit of legal representation for Defendant or which concern funding for Defendant's legal representation; IT IS THEREFORE ORDERED THAT Defendant

is not required to produce any documents relating to the pursuit of legal representation for Defendant or which concern funding for Defendant's legal representation.

IT IS FURTHER ORDERED that the Court grants the State's Motion to Compel and orders Defendant to either (a) produce responsive documents including correspondence by her and/or her counsel of record that are in their possession, including but not limited to communications exchanged with Winston & Strawn LLP, Wilkie Farr & Gallagher LLP, Children's Health, the University of Texas Southwestern Medical Center, patient's and/or patient's parents, and news reporters, to the extent they predate the filing of this lawsuit, or (b) produce a privilege log describing such documents on or before May 2, 2025.

On or before May 2, 2025, Defendant is ordered to provide this Court with a page count of documents that are responsive to Request for Production No. 27 for each category of non-parties referenced above, and which date from the filing of the lawsuit through February 28, 2025, or Defendant's last digital collection, whichever is later, and provide exemplars of communications with non-parties to the Court for in-camera review on or before 1:15 p.m. on April 22, 2025.

6. Request for Production No. 29:

Defendant is ordered to confirm in writing that she has already produced all documents that she previously committed to produce for the time period dating from September 1, 2023, through October 17, 2024.

Defendant is further ordered to provide to Plaintiff a copy of her joint-defense agreement with Wilkie Farr & Gallagher LLP on or before April 21, 2025.

Defendant is further ordered to provide Plaintiff with a list identifying which BATES numbers are responsive to each Request for Production by 5:00 p.m. on April 25, 2025.

**SO ORDERED.**

Dated: _____4/16/25_____

_____
Judge Presiding

# Appendix Tab 7

CAUSE NO. 493-07676-2024

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | COLLIN COUNTY, TEXAS |
| | § | |
| MAY C. LAU, M.D., | § | |
| | § | |
| *Defendant.* | § | 493RD JUDICIAL DISTRICT |

**FURTHER ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION
OF ORDER TO COMPEL REGARDING
STATE'S RFP NO. 27 AND REQUEST FOR IN CAMERA REVIEW**

After considering Defendant Dr. May C. Lau's ("Dr. Lau") Motion for Reconsideration of Order to Compel on State's Request for Production No. 27 and Request for In Camera Review, and after considering *in camera* the documents that Dr. Lau provided the Court, the Court GRANTS the request to reconsider as it relates to documents containing communications to or from Wilkie Farr & Gallagher LLP after the filing of this lawsuit, and DENIES the request to reconsider as it relates to documents to or from Patients/Patient's Parents and News Reporters after the filing of this lawsuit. The request, as it relates to documents responsive to Request for Production No. 27 to or from Winston & Strawn LLP, Children's Health, and University of Texas Southwestern Medical Center after the filing of this lawsuit, remains under advisement.

IT IS THEREFORE ORDERED THAT Defendant is not required to produce any documents containing communications exclusively to or from Wilkie Farr & Gallagher.

The Court further ORDERS Defendant to produce documents containing communications with Patients/Patient's Parents and News Reporters responsive to Request for Production No. 27 dating from the filing of this lawsuit until Defendant's last digital collection, or to produce a privilege log on or before May 16, 2025 identifying any such documents that are being withheld.

The Court further ORDERS Defendant to provide additional exemplars of documents containing communications to or from Winston & Strawn LLP, Children's Health, and University of Texas Southwestern Medical Center responsive to Request for Production No. 27 for *in camera* review on or before May 16, 2025.

SO ORDERED on _____5/6/____, 2025.

_____
Christine A. Nowak
District Court Judge

2

# Appendix Tab 8

CAUSE NO: 493-08026-2024

Filed: 2/28/2025 12:07 PM
Michael Gould
District Clerk
Collin County, Texas
By Sarah Beasley Deputy
Envelope ID: 97923613

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | COLLIN COUNTY, TEXAS |
| | § | |
| M. BRETT COOPER, M.D., | § | |
| | § | |
| Defendant. | § | 493RD JUDICIAL DISTRICT COURT |

### ORDER DENYING DEFENDANT M. BRETT COOPER, M.D.'S
### MOTION TO DISMISS UNDER TEXAS RULE OF CIVIL PROCEDURE 91a

Defendant M. Brett Cooper, M.D.'s Motion to Dismiss Under Texas Rule Of Civil Procedure 91a is hereby **DENIED**. Defendant's arguments as to the Texas Tort Claims Act and sovereign immunity are denied as premature due to the 91A posture of Defendant's Motion. The Court will take up these arguments at the appropriate stage, when the Court can properly consider evidence including any employment agreements, billing and payment records, and related testimony.

SO ORDERED on _2/28_____, 2025.

_____
CHRISTINE A. NOWAK
DISTRICT COURT JUDGE

App. 69

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 97923613
Filing Code Description: Court Action-Signed Order
Filing Description: ORDER DENYING DEFENDANT M. BRETT COOPER, M.D.'S MOTION TO DISMISS UNDER TEXAS RULE OF CIVIL PROCEDURE 91a
Status as of 2/28/2025 1:02 PM CST

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David G. Shatto | | david.shatto@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |
| Ian Bergstrom | | Ian.Bergstrom@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |
| Christopher Molak | | christopher.molak@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |

Associated Case Party: MBrettCooper

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Avishay Moshenberg | 24083532 | avi.moshenberg@lmbusinesslaw.com | 2/28/2025 12:07:21 PM | SENT |
| Nicholas Lawson | | Nick.Lawson@lmbusinesslaw.com | 2/28/2025 12:07:21 PM | SENT |
| Jervonne Newsome | | jnewsome@winston.com | 2/28/2025 12:07:21 PM | SENT |
| Thanh D.Nguyen | | tdnguyen@winston.com | 2/28/2025 12:07:21 PM | SENT |
| William Logan | | wlogan@winston.com | 2/28/2025 12:07:21 PM | SENT |
| Docket South | | ecf_houston@winston.com | 2/28/2025 12:07:21 PM | SENT |
| Anika Holland | | AHolland@willkie.com | 2/28/2025 12:07:21 PM | SENT |
| Simona Agnolucci | | sagnolucci@willkie.com | 2/28/2025 12:07:21 PM | SENT |
| Barrington Dyer | | bdyer@willkie.com | 2/28/2025 12:07:21 PM | SENT |
| Zoe Packman | | zpackman@willkie.com | 2/28/2025 12:07:21 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 97923613
Filing Code Description: Court Action-Signed Order
Filing Description: ORDER DENYING DEFENDANT M. BRETT COOPER, M.D.'S MOTION TO DISMISS UNDER TEXAS RULE OF CIVIL PROCEDURE 91a
Status as of 2/28/2025 1:02 PM CST

Associated Case Party: MBrettCooper

| Zoe Packman | | zpackman@willkie.com | 2/28/2025 12:07:21 PM | SENT |
|---|---|---|---|---|
| Emma Rodriguez | | erodriguez@willkie.com | 2/28/2025 12:07:21 PM | SENT |
| Isabella Corbo | | icorbo@willkie.com | 2/28/2025 12:07:21 PM | SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 2/28/2025 12:07:21 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 2/28/2025 12:07:21 PM | SENT |
| Jackie Cooper | | Jackie.Cooper@cooperscully.com | 2/28/2025 12:07:21 PM | SENT |
| Cory Sutker | | Cory.Sutker@cooperscully.com | 2/28/2025 12:07:21 PM | SENT |
| Winston Office | | nonparty-patient-counsel@winston.com | 2/28/2025 12:07:21 PM | SENT |
| Delvary Turnipseed | | delvary.turnipseed@cooperscully.com | 2/28/2025 12:07:21 PM | SENT |

# Appendix Tab 9



In The

# Fifteenth Court of Appeals

_____

## NO. 15-25-00031-CV

_____

**IN RE NONPARTY PATIENT NO. 1, NONPARTY PATIENT NO. 2, NONPARTY PATIENT NO. 3, NONPARTY PATIENT NO. 4, NONPARTY PATIENT NO. 5, NONPARTY PATIENT NO. 6, NONPARTY PATIENT NO. 7, NONPARTY PATIENT NO. 8, NONPARTY PATIENT NO. 9, NONPARTY PATIENT NO. 10, AND NONPARTY PATIENT NO. 11, Relators**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**493rd District Court**
**Collin County, Texas**
**Trial Court Cause No. 493-07676-2024**

---



**In The**

# Fifteenth Court of Appeals

_____

## NO. 15-25-00032-CV

_____

**IN RE NONPARTY PATIENT NO. 1, NONPARTY PATIENT NO. 2, NONPARTY PATIENT NO. 3, NONPARTY PATIENT NO. 4, NONPARTY PATIENT NO. 5, NONPARTY PATIENT NO. 6, NONPARTY PATIENT NO. 7, NONPARTY PATIENT NO. 8, NONPARTY PATIENT NO. 9, NONPARTY PATIENT NO. 10, AND NONPARTY PATIENT NO. 11, Relators**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**493rd District Court**
**Collin County, Texas**
**Trial Court Cause No. 493-08026-202**

---

## ORDER

On Friday, March 21, 2025, this Court stayed the trial court's order of March 20, 2025, entered in trial court cause numbers 493-07676-2024 and 493-08026-202, compelling Children's Health System of Texas and UT Southwestern Medical Center ("UTSW") to produce relators' medical records. Relators have filed a second motion for stay on the basis that UTSW has taken the position that

the stay applies only to Children's and begun producing records. We grant the motion, clarify that this Court's stay of March 21, 2025, applies equally to Children's and UTSW, and order the State to destroy any copies of patient records that it received from UTSW if it has not already done so.

PER CURIAM

Panel consists of Chief Justice Brister and Justices Field and Farris.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Avi Moshenberg on behalf of Nicholas Lawson
Bar No. 24083367
avi.moshenberg@lmbusinesslaw.com
Envelope ID: 101137084
Filing Code Description: Original Proceeding Petition
Filing Description: Relator Dr. Cooper's Petition for Writ of Mandamus
Status as of 5/22/2025 7:15 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 5/21/2025 11:02:30 PM | NOT SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 5/21/2025 11:02:30 PM | NOT SENT |
| Pauline Sisson | | david.shatto@oag.texas.gov | 5/21/2025 11:02:30 PM | NOT SENT |
| David Shatto | | david.shatto@oag.texas.gov | 5/21/2025 11:02:30 PM | NOT SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 5/21/2025 11:02:30 PM | NOT SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 5/21/2025 11:02:30 PM | NOT SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 5/21/2025 11:02:30 PM | NOT SENT |
| Zoe Packman | | zpackman@willkie.com | 5/21/2025 11:02:30 PM | NOT SENT |
| Anika Holland | | aholland@willkie.com | 5/21/2025 11:02:30 PM | NOT SENT |
| Dyer Barrington | | bdyer@willkie.com | 5/21/2025 11:02:30 PM | NOT SENT |
| Simona  Agnolucci | | SAgnolucci@willkie.com | 5/21/2025 11:02:30 PM | NOT SENT |
| Avi Moshenberg | | avi.moshenberg@lmbusinesslaw.com | 5/21/2025 11:02:30 PM | NOT SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 5/21/2025 11:02:30 PM | NOT SENT |
| Jackie Cooper | | jackie.cooper@cooperscully.com | 5/21/2025 11:02:30 PM | NOT SENT |
| Cory Sutker | | cory.sutker@cooperscully.com | 5/21/2025 11:02:30 PM | NOT SENT |
| Martin Cohick | | martin.cohick@oag.texas.gov | 5/21/2025 11:02:30 PM | NOT SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 5/21/2025 11:02:30 PM | NOT SENT |